ST. LOUIS, B. & M. RY. CO. v. TRUE BROS.

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1911.)

1. CARRIERS (§ 177*)—CARRIAGE OF FREIGHT—FAILURE TO ROUTE SHIPMENT AS REQUESTED BY SHIPPER—LIABILITY.

An agent of a carrier who refuses to route freight so as to deliver the same to a connect-

ing carrier demanded by the shipper fails to perform a duty to the shipper, and the shipper may recover for the damages proximately resulting therefrom, notwithstanding any shipping contract subsequently entered into.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 787; Dec. Dig. § 177.*]

2. CARRIERS (§ 229*) — CARRIAGE OF LIVE STOCK—DAMAGES—INSTRUCTIONS.

Where a shipper of live stock claimed damages for negligent delay and rough handling, and for the refusal of an agent of the initial carrier to route the stock over a direct route demanded by the shipper, but routing the stock over a longer route, the damages recoverable for the misrouting were extra expense of feed charges and switching charges caused by the shipper being forced to take the longer route; and a charge authorizing a recovery of damages through injury and death of the stock on both grounds pleaded was objectionable, as allowing double damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

3. CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK—ROUTING SHIPMENT—DEMAND OF SHIPPER—EVIDENCE.

In an action by a shipper of live stock claiming damages for the refusal of the agent of the initial carrier to route the stock in a direct route demanded by the shipper, evidence *held* not to show a demand for a particular route sufficient to create a cause of action for misrouting.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 228.*]

4. CARRIERS (§ 172*) — CARRIAGE OF LIVE STOCK — ROUTING SHIPMENT — RIGHT OF SHIPPER.

A duty of a carrier to route a shipment as demanded by the shipper is not imposed until the freight is tendered for shipment.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 172.*]

5. COMMERCE (§ 35*)—INTRASTATE SHIPMENT.

A shipment of live stock from one point in Texas to another point in Texas over the lines of various carriers receiving the shipment in points in Texas is an intrastate shipment.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 35.*]

6. APPEAL AND ERROR (§ 1117*)—QUESTIONS REVIEWABLE.

Where only one of two defendants against whom a judgment was rendered for plaintiff appealed, plaintiff, presenting cross-assignments for the reformation of the judgment against both defendants, was not entitled to relief, the codefendant not being before the court by appeal, or as appellee in the appeal bond of defendant appealing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4413; Dec. Dig. § 1117.*]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Action by True Bros. against the St. Louis, Brownsville & Mexico Railway Company and others. From a judgment for plaintiff against two defendants, defendant named appeals. Reversed in part, and affirmed in part.

The suit was to recover damages alleged to have been occasioned appellees in a shipment of cattle from Norias, Tex., to Ringold, Tex. The cattle were transported by the St. Louis, Brownsville & Mexico Railway Company over its line from Norias to Houston, and thence by the Trinity & Brazos Valley Railway Company over its line to Ft. Worth, and thence by the Chicago, Rock Island & Gulf Railway Company over its line to destination at Ringold. A separate written contract of shipment was entered into and signed by appellees and each named railroad company in respect to the shipment. The trial was to a jury, and verdict in favor of the Trinity & Brazos Valley Railway Company, but in favor of appellees against the other two companies. The St. Louis, Brownsville & Mexico Railway Company appeals.

Claude Pollard, C. M. Robards, and McMurray & Gettys, for appellant. J. A. Templeton and R. E. Carswell, for appellees.

LEVY, J. (after stating the acts as above). [1] The first assignment of error is predicated upon exceptions taken to admitting certain evidence. The evidence objected to was offered in support of allegations to show that appellees desired another route than the ones over which the cattle went, and that they made efforts to route the cattle the other way, and the agent refused to route the way demanded. It was in evidence that appellees subsequently entered into a written contract providing for the routing that the cattle went. The point made is that when a shipper agrees to ship cattle over a certain route, and enters into a written contract providing for such routing, in the absence of fraud or duress, it is error to permit the introduction of testimony to show, or tending to show, that he demanded another route, and made efforts to route his cattle another way. Speaking strictly to the admissibility of the evidence offered, and not to its sufficiency in this case to legally establish the alleged wrong, we do not think there was error in overruling the objection. In the case of Inman v. Railway Co., 14 Tex. Civ. App. 39, 37 S. W. 37, it was decided that the duty to route so as to deliver to the chosen connecting carrier arises at the time the freight is offered, and is imposed upon the railway company as a carrier, and not created by a contract. So, if the agent of the railway company refuses to route so as to deliver to one of its connecting carriers chosen and demanded by the shipper, there is a failure to perform a duty to the shipper imposed by law, and a completed legal wrong is then done. Hence such wrong becomes the basis for damages proximately resulting, and the rights of the parties would be measured thereby. Consequently, in a suit for the damages resulting from such wrong, any shipping contract subsequently made becomes a different transaction. The suit for such wrong is one thing, and a suit for breach of the terms of the contract becomes another. It follows, of

course, in this distinction that the objection made to the evidence must fall.

[2] The second assignment of error, which assails certain parts of the court's charge, presents, we think, several grounds for reversible error, and must be sustained. By the petition plaintiffs claimed damages (1) for negligent delay and rough handling en route causing injury to the cattle, and the death of some; and (2) for refusal of the agent of the initial carrier to route the cattle over the nearer and more direct routes chosen and demanded by them, and in the routing of the cattle by the agent of the initial carrier, over plaintiffs' protest, over the longer and less direct routes by way of the lines of the defendants in suit. The full charge of the court, reasonably construed, distinctively authorized a recovery of damages through injury and death of the cattle upon both grounds pleaded. Thus a double recovery for injury and loss to the cattle was permitted. The damages recoverable, if any, for the alleged misrouting, were, as pleaded by plaintiffs, the extra expense of feed charges, and switching charges at Houston caused by being forced to take the longer route. No other special damages were alleged.

[3] The charge complained of further authorized a recovery for loss suffered through injury to the cattle by misrouting upon the finding by the jury that appellant negligently failed "to procure and furnish for plaintiffs' use at Norias cars wherein to ship said cattle." There was neither pleading nor evidence presenting such issue; and, as contended by appellant, we are firmly of the opinion that the evidence does not support nor justify an issue of misrouting the shipment by appellant even by accepting the plaintiff's evidence that he and Mr. Kleberg went to see the agent of appellant on the 5th and 6th of April, and told him that he desired to ship from Norias a large number of cattle, and wanted them to go over the appellant's road to Sinton, there to be delivered to the connecting line of the San Antonio & Aransas Pass Railway Company to be carried to Waco, and there delivered to the Missouri, Kansas & Texas Railway Company to be carried to Ringold. At this time, clearly by appellees' own evidence, they were not ready to ship the cattle, and were not in a position at this time to legally tender them for shipment. The cattle at this time were in the pasture, and had not been rounded up, and were not rounded up and offered for shipment until the 12th of April. Moreover, there is no evidence that would warrant, we think, a finding or inference that between the dates of April 5th and April 12th the agent of appellant refused to give plaintiffs the particular routing desired.

[4] Until appellees had placed themselves in the attitude of shippers towards the appellant by properly tendering the cattle for shipment, no legal right could be predicated by them. No duty to route as demanded by the shipper was imposed upon appellant until the freight was offered. Appellees testified that, after the cattle were in the shipping pens of appellant, appellee again demanded of the agent to route as previously directed. But this request it appears from the evidence was given through Mr. Kleberg, and by him over the phone. Going to the evidence of Mr. Kleberg as to what passed between him and the agent in this respect, we are constrained to say that it wholly fails to show a refusal of the agent of appellant to route over the roads chosen by appellees.

The ninth assignment of error presents, we think, ground requiring reversal of the judgment. A special charge was asked and refused to the effect that the evidence failed to show any negligence of appellant as to the movement of the first train of cattle. As the record in this respect stands here, all the evidence agrees that there was no delay, no rough handling, and no negligence on the part of appellant in this first train load from Norias to Houston. If, as a matter of law, it should be said there was no negligence as to this first train load, and we think so, then the peremptory charge should have been given.

[5] The court did not err in charging the jury to the effect that the shipment was an intrastate one. The shipment, as far as any carrier was concerned, ended finally at Ringold, Tex., and was there delivered to the shipper or consignee. And as the shipment made finally ended at Ringold, Tex., where possession was finally delivered to the consignee, and it was not intended nor contemplated that any carrier should further transport it, it became and was an intrastate shipment. It becomes unnecessary to pass on the remaining assignments of error.

[6] Appellees have filed and present cross-assignments which are to the effect that the judgment should have been reformed to allow a recovery against the defendants jointly and severally. The Chicago, Rock Island & Gulf Railway Company, against which it is sought to have the judgment here rendered for an additional amount, is not before this court by appeal, nor as an appellee in the appeal bond of the St. Louis, Brownsville & Mexico Railway Company. Power Co. v. Moore, 55 Tex. Civ. App. 157, 118 S. W. 831.

The judgment against the appellant is reversed and the cause remanded; but the judgment as to the other two defendants in the suit, not being appealed from, will remain undisturbed.