## Harcourt & Co. v. Redmon.

(Decided October 2, 1912.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Appeal—Second Appeal—Evidence.—This being the second appeal in this case, and the evidence not materially differing from that presented by the record on the first appeal, a reversal of the judgment last appealed from, will not be authorized because of the failure of the trial court to give a peremptory instruction directing a verdict for the defendant; a reversal, on that ground, having been refused on the first appeal.

2. Appeal—Opinion in First Appeal Law of Case.—On a second appeal, the opinion in the first appeal must be accepted as the law of the case; and all questions which were then presented and properly before the court are as conclusively settled, though not referred to in the opinion, as if they are specifically mentioned and considered.

SHEILD & CAMPBELL, CAMDEN R. McATEE for appellants.

JOS. M. LEE and CARROLL & CARROLL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This, the second appeal in this case, is prosecuted from a judgment rendered in the court below upon a verdict for $900.00, by way of damages, in favor of appellee, for injuries sustained to her right hand while operating a Baby Curtis embossing press, owned by the appellant corporation, Harcourt & Company, at which she was at work by the direction of its foreman.

The opinion on the first appeal will be found in 145 Ky., 512; and as it contains an elaborate statement of the facts of the case, it will be unnecessary to repeat them here.

Appellent relies upon two grounds for a reversal.

1. That the trial court erred in refusing to grant a peremptory instruction directing a verdict in its favor.

2. That the damages awarded by the jury were excessive.

The first contention rests upon the defense, presented by appellant's answer and its claim that appellee's evidence showed that in the matter of receiving her injuries she was herself guilty of negligence, but for which they would not have been sustained. We find

that this ground was urged with great force on the first appeal, but we then refused to regard it as sufficient to authorize a reversal; and in disposing of it, in the opinion said:

"Upon these facts the defendant insists it was entitled to a peremptory instruction, and relies upon the rule announced in Hutchison v. Cohankus, 112 S. W., 899. In that case, however, the employe placed his hand on a revolving cylinder. He knew the cylinder had teeth on it and was revolving and his duty did not require him to place his hand in that position. Here defendant's witnesses admit there was a safe way and a dangerous way to handle the 'throw-off.' It was a part of plaintiff's duty to handle the 'throw-off.' Admitting that the injury was caused by plaintiff's improper handling of the 'trip' we cannot say, as a matter of law, that with only an hour's experience and with no warning as to the danger and no instructions as to how to use the 'trip,' she was guilty of contributory negligence, thereby precluding a recovery. We, therefore, conclude that the question was one for the jury."

Our examination of the evidence introduced on the last trial convinces us that it does not materially differ from that on the first trial, except, as to the character and extent of appellee's injuries. In .that respect it is, we think, much stronger in her behalf than that heard on the first trial. The judgment was, however, on that appeal, reversed, because of the introduction of incompetent evidence and the giving of erroneous instructions. The view we then had of the case is fully explained in the closing paragraph of the opinion:

"Plaintiff predicated her right to recover both on the defective condition of the machine and her inexperience, and failure on the part of defendant to warn and instruct her. The case was submitted to the jury on both theories. After carefully reading the record we fail to find where plaintiff's injuries were due to a defective condition of the machine. She, as said before, was injured while handling the 'trip.' She claims that the 'trip' stuck and would not work. It is not shown, however, that the 'trip' was defective in any way. On the contrary the evidence for the defendant shows that it worked when properly handled. The mere fact that it stuck and did not work when plaintiff handled it, is doubtless due to the fact that she handled it improperly.

We therefore conclude that plaintiff's whole case depends upon whether or not the machine was dangerous for an inexperienced person, and whether or not defendant failed to warn her of the dangers, and to instruct her in the operation of the machine, and whether or not plaintiff exercised ordinary care for her own safety. Upon the next trial the court will submit the case on this theory alone."

Upon the last trial the case was submitted to the jury upon proper instructions presenting the issues as defined by the opinion. On the last, as on the first trial, the evidence introduced in appellee's behalf, consisting in the main of her own testimony, and that of at least one corroborating witness, was:

1. That she had less than an hour's experience in operating this machine immediately preceding the occurrence of her injuries.

2. That she was not warned as to the dangers of the machine, or the adjustment known as the "throw-off," in attempting to manipulate which she was injured.

3. That no instructions were given her as to how to use the "throw-off" or "trip."

4. That she was placed at the machine by the express command of appellant's foreman, accompanied by his assurance that there was no danger in the machine.

5. That it was dangerous.

While the testimony introduced for appellant tended to show that appellee had had considerable experience in operating a somewhat similar machine, though of a different make, and that her injuries were caused by her improper and negligent handling of the "throw-off," it did not, to any appreciable extent, contradict her testimony that she was not warned as to the dangers of the machine in question, or instructed as to the manner of operating the "trip" or "throw-off."

If correct in our understanding of the evidence, it is manifest that there was no error in the refusal of the peremptory instruction. Indeed, upon this evidence the trial court could not have given such an instruction without disobeying the law, as defined by the opinion, supra; and upon the record as presented this court must accept that opinion as the law of the case. As said in United States F. & G. Company v. Blackley Hurst & Co., 27 R., 392:

"It is elementary that on a second appeal the opinion in the first appeal must be treated as the law of the case; and all questions which were then presented and properly before the court are as conclusively settled, though not referred to in the opinion, as if they are specifically mentioned and considered." Hopkins v. Adam Roth Grocery Co., 105 Ky., 357.

We find no cause for sustaining appellant's second contention. The damages awarded appellee, though ample, are not so out of proportion to the injury sustained as to superinduce the belief that the verdict was the result of prejudice and passion on the part of the jury. According to the great weight of the evidence the little finger on the right hand, the end of which was lost in the accident, is stiff, withered and useless; the third finger is also stiff, and the entire right hand so shriveled, stiffened and injured that she is unable to close it. In other words, there can be no doubt that the use of appellee's right hand is permanently impaired. There is no absolutely accurate way to determine the exact amount that would compensate one for such physical injury and mental anguish as appellee has manifestly sustained. It must be determined by a jury and their verdict will not be disturbed, unless it is reasonably made to appear that it is the result of passion or prejudice. Gregory v. Slaughter, 30 R., 500; City of Louisville v. Hall, &c., 28 R., 1064; C. & O. Ry. Co. v. Wiley, 28 R., 770.

For the reasons indicated the judgment is affirmed.