ST. LOUIS, B. & M. RY. CO. v. TRUE BROS.

(Court of Civil Appeals of Texas. Ft. Worth. March 29, 1913. Rehearing Denied May 10, 1913.)

1. APPEAL AND ERROR (§ 1099*)—SUBSEQUENT APPEALS—QUESTIONS CONCLUDED BY FORMER DECISION—SUFFICIENCY OF EVIDENCE.

Where the Court of Appeals held that the evidence was not sufficient to show that the railroad agent had misrouted a shipment of live stock, that decision is the law of the case on a subsequent appeal, where the evidence at the second trial was substantially the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK — SUFFICIENCY OF EVIDENCE — MISROUTING.

In an action for damages caused by delay in shipping cattle due to an alleged misrouting of the shipment, evidence *held* insufficient to warrant a recovery based upon that claim.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

3. CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK—EVIDENCE—ADMISSIBILITY.

Where the evidence was not sufficient to show that the railroad company had misrouted a shipment of cattle, evidence as to damages occasioned thereby was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

4. CARRIERS (§ 228*)—CARRIAGE OF LIVE STOCK — EVIDENCE — JUDGMENT AGAINST CONNECTING CARRIER.

Where the plaintiff had brought an action against three connecting carriers for delay in the shipment of live stock, and the court ruled in the second trial against one of them, after final judgment had been entered as to the other two, that the plaintiff could not recover for any delay resulting from the negligence of the connecting carriers, there was no error in refusing to admit the judgments as to them in evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from District Court, Wise County; J. W. Patterson, Judge.

Action by True Bros. against the St. Louis, Brownsville & Mexico Railway Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

See, also, 140 S. W. 837.

McMurray & Gettys, of Decatur, Claude Pollard, of Kingsville, C. M. Robards, of San Benito, and Kleberg & Stayton, of Kingsville, for appellant. J. A. Templeton, of Ft. Worth, and R. E. Carswell, of Decatur, for appellee.

DUNKLIN, J. True Bros. shipped a trainload of cattle from Norias, Tex., to Ringgold, Tex., and this suit was instituted to recover damages for injuries sustained by the cattle as a result of delay and rough handling en route. The cattle were transported from Norias to Houston over the St. Louis, Brownsville & Mexico Railway, from Houston to Ft. Worth over the Trinity & Brazos Valley Railway and from Ft. Worth to their destination, Ringgold, over the Chicago Rock Island & Gulf Railway. The suit was instituted against all three of said railway companies, and has been twice tried. Upon the first trial judgment was rendered in favor of the Trinity & Brazos Valley Railway Company, but against the two other companies. No appeal was prosecuted by the Chicago, Rock Island & Gulf Railway Company from that judgment, but the St. Louis, Brownsville & Mexico Railway Company appealed. That appeal was determined by the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana, who reversed the judgment rendered against that company, leaving the judgment in favor of the Trinity & Brazos Valley Railway Company, and against the Chicago, Rock Island & Gulf Railway Company, undisturbed. The case then went to trial against the St. Louis, Brownsville & Mexico Railway Company, resulting in a judgment in favor of the plaintiff against that company, and from that judgment the defendant has appealed.

The decision upon the former appeal appears in 140 S. W. 837. The two issues submitted upon the last trial as a basis for a recovery by plaintiff were the alleged negligence of that company in failing to transport the cattle from Norias to Houston with reasonable care and dispatch, and the delay in transporting the cattle to destination caused by a wrongful misrouting of the shipment by appellant. The jury were instructed to allow damages upon an affirmative finding upon either or both of those issues. The evidence shows that the cattle were purchased by plaintiffs' from the King ranch, and at the time of the purchase they were located on the range near the station of Norias, which is about 50 miles from Kingsville. On the 5th or 6th of April, 1909, E. C. True stopped at Kingsville en route to Norias for the purpose of shipping the cattle. While in Kingsville he, in company with Cæsar Kleberg, manager of the King ranch from whom the cattle had been bought, went to see William Dougherty, appellant's agent, for the purpose of making arrangements to ship the cattle. In that conversation True informed Dougherty that he desired to ship about 2,000 head of cattle to Ringgold via the appellant's road to Sinton, there to be delivered to the San Antonio & Aransas Pass Railway to be carried to Waco, and there delivered to the Missouri, Kansas & Texas Railway Company to be carried to Ringgold. At that time the cattle were on the range, had not been selected nor rounded up, and were not ready for shipment. In that conversation Mr. Dougherty informed E. C. True that he did not have the cars to route the cattle as True desired, and would have to ship them over the route that they were afterwards shipped. E. C. True testified that he requested Dougherty to make an effort to get them, that witness would go on to the ranch and proceed to round up the cat-

tle, and that Dougherty promised to try to get the cars and to let him know later, if he could get them.

Kleberg, who was introduced as a witness for plaintiff, testified that Dougherty told True in that conversation that if he desired the shipment to be routed as requested, it would be necessary for him to place an order for cars for that routing, and that it would require at least ten days to get the cars, that quick time had been made with Mr. Johnson's cattle, who had just shipped three trains shortly before, via Houston, and that thereupon Mr. True said it would be all right if they would give him the same kind of a run. There was no evidence that any order was ever placed with Mr. Dougherty at that time, other than the request by True already mentioned. True and Kleberg then proceeded to the ranch, and, after selecting and rounding up the cattle, placed them in appellant's shipping pens at Norias on the night of April 15th, and they were loaded in the cars early on the following morning. There was no station agent at Norias, and after the cattle were placed in the shipping pens, Kleberg, acting for True, called up Dougherty over the telephone at Kingsville, and asked if the cattle could be routed by way of Sinton. Mr. Kleberg, testified that Mr. Dougherty replied that if Mr. True wanted the cattle routed that way, he would have to place an order for cars for that routing; that the cars that appellant was able to furnish for handling the cattle had been received from the Trinity & Brazos Valley Railway Company and the Santa Fé Railway Company, and that by reason of that fact the cattle would have to be routed by way of Houston, and that it would require at least 10 days before the cars could be received for the routing requested.

[1] On the former appeal it was held that the evidence failed to show a refusal of appellant's agent to route the cattle over the roads chosen by True, and therefore there was no sufficient showing to entitle plaintiffs to recover damages resulting from the alleged misrouting. That decision is the law of the case, and must be given controlling effect now. Moore v. Chamberlain, 152 S. W. 195; Harcourt v. Redmon, 149 Ky. 612, 149 S. W. 938; H. &. T. C. Ry. v. Buchannan, 42 Tex. Civ. App. 620, 94 S. W. 199.

[2] So far as we are able to determine the evidence upon which the claim of misrouting is based substantially the same on the last trial as upon the former trial, but whether that is true or not we are of the opinion that there is no evidence in the record before us sufficient to support such a claim. Hence we are of the opinion that the court erred in submitting that issue to the jury, as insisted by appellant in its eighty-eighth assignment of error.

[3] From that conclusion it follows that the court also erred in admitting evidence to show damage resulting from such misrouting as insisted by several assignments of error not necessary to be enumerated, and also in submitting the issue whether or not E. C. True withdrew his demand for the routing of the cattle, and if so, whether or not he was induced to do so by the alleged statements on the part of William Dougherty.

[4] As the court expressly instructed the jury that no damages could be allowed for injuries to the cattle resulting from the negligence of the Trinity & Brazos Valley Railway Company and the Chicago, Rock Island & Gulf Railway Company while being shipped over those two roads, there was no error in refusing to admit in evidence the former judgment in favor of the Trinity & Brazos Valley Railway Company and against the Chicago, Rock Island & Gulf Railway Company, and evidence of the payment of the latter judgment.

For the errors indicated, the judgment is reversed, and the cause remanded for another trial.