

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 22, 1966

Mr. Charles Murphy
Director, Texas
 Aeronautics Commission
Austin, Texas

Dear Mr. Murphy:

Opinion No. C-763

Re: Whether a certificate
    issued by Texas Aero-
    nautics Commission
    remains in effect, when
    the airline holding the
    intrastate certificate,
    commences interstate
    flights and related
    questions.

Your letter requesting an opinion of this office reads, in part, as follows:

"We respectfully request an attorney general's opinion answering the following two questions regarding this granted authority.

"Question #1. The facts are that the Texas Aeronautics Commission (TAC) has issued a certificate authorizing Hood Airlines to serve various specific points in Texas. Hood Airlines, in the future, will initiate scheduled flight service to Texarkana, Arkansas and Shreveport, Louisiana.

"The question is: Upon Hood Airline's inauguration of these flights, will this certificate now in effect remain in effect or will it become void? Further, will all or any part of Hood Airlines' flight operation be subject to the authority of the TAC?

"Question #2. The facts are that Dal Airlines is initiating scheduled flight service from Dallas to points in Texas and to Fort Polk, Louisiana. Dal Airlines, by application to the TAC, voluntarily submits itself to the authority of the TAC and asks that it be given a certificate to serve the points on its flights located within the boundaries of Texas which are of a purely intrastate nature."

Subdivision 3 of Article 46c-6, Vernon's Civil Statutes provides, in part, as follows:

"Subdivision 3. Scheduled Intrastate Carriers. For the public convenience and necessity, the Commission /Texas Aeronautics Commission/ is granted the right, power and authority to exercise economic and safety regulations over only scheduled intrastate carriers not holding certificates of convenience and necessity from the Civil Aeronautics Board under the Federal Aviation Act of 1958, as now or hereinafter amended. . . . . The Commission shall be vested with a broad discretion in promulgating such regulations, and no intrastate air carrier shall operate within the State of Texas unless and until it has met the standards prescribed, and has been issued a certificate to do so by the Commission, . . ." (Emphasis added)

It is a general rule that commerce wholly confined within the jurisdiction and territory of one state is intrastate commerce. 12 Tex.Jur.2d 165. If the origin and ultimate destination are both within the same state, the shipment is intrastate in character. Galveston H&S.A.Ry. Co. V. Wood Hagenbarth Cattle Co., 105 Tex. 178, 146 S.W. 538 (1912); St. Louis B&M Ry. Co. v. True Bros., 140 S.W. 837 (Tex.Civ.App. 1911). Congress has pre-empted the field of interstate air transportation in regard to routes and points to be served by interstate air carriers to the exclusion of conflicting regulations by the states. Application of Frontier Airlines, Inc. 122 N.W.2d 476, 175 Neb. 501 (1963); 49 U.S.C.A., Sections 1301 (10), 1301 (21) and 1371 (a). Clearly, the Texas Aeronautics Commission is authorized to issue certificates only to those carriers whose operations, including points of origin and destination for commercial airline traffic, remain wholly within the State of Texas.

It is our opinion that the certificate issued by the Texas Aeronautics Commission to Hood Airlines would become void upon initiation of flight service to destination points outside the State of Texas. Article 46c-6 provides no authority for the issuance of a certificate to commercial airlines operating any portion of their flight service with origin or destination points outside the State of Texas. Also, the Texas Aeronautics Commission would have no right, power, or authority to exercise economic and safety regulations over any part of Hood Airlines flight operations.

Answering your second question, it is our opinion that the Texas Aeronautics Commission has no authority to issue a certificate for Dal Airlines to serve points within the State of Texas, as Dal Airlines proposes to and will maintain a portion of its flight operations with origin or destination points outside the State of Texas.

## S U M M A R Y

Upon initiation of airline service with origin or destination points outside the State of Texas, the Texas Aeronautics Commission's certificate of authority for service of intrastate points in Texas, becomes void, and the Commission would have no right, power or authority to exercise economic and safety control over any part of the operations of an airline conducting such interstate flights.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By:
Gordon Houser
Assistant

GH:sck

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

John Reeves
Malcolm Quick
Kerns Taylor
W. E. Allen

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright