## Standard Auto Insurance Association v. Russell.

(Decided June 1, 1923.)

### Appeal from Henderson Circuit Court.

1. Insurance—Solicitor is Agent of Company, Not of Insured.—An insurance solicitor is regarded as the agent of the company, and not of the insured, as respects writing in false answers to questions to applicant.

2. Insurance—False Statements, Written in Application by Solicitor, Will Not Defeat Recovery.—If the soliciting agent writes false answers to questions propounded to the applicant, or by misleading statements induces the applicant to make false answers, when the latter is acting in good faith and without intention to deceive, the company is estopped to rely on the answers to defeat the policy.

3. Insurance—Evidence Held to Show False Statements in Application were Made by Agent.—Evidence by insured, uncontradicted by testimony of the agent, that he informed the agent he did not know the number of his motor, or the name of the dealer from whom he purchased the car, and that the car cost him between $700.00 and $800.00, with added equipment he had placed thereon since he purchased it, whereupon the agent inserted in the application the number of the motor and the name of the seller, based on the description furnished by the applicant, and stated the purchase price at $800.00, shows that the applicant was acting in good faith, and the falsity of the answers was due to the agent of the insurance company, so that it cannot defeat recovery on the policy on that ground.

4. Insurance—Policy Cannot Make Solicitor Agent of the Insured.— The insurer cannot avoid the rule that the soliciting agent is the agent of insurer, and not of insured, in making out application, by stating in the policy that he acts as agent for the insured.

5. Insurance—General Laws Apply to Automobile Insurance Association.—The general laws of the state apply to the Standard Auto Insurance Association.

6. Insurance—Allegations that Misstatements in Application Resulted from Mistake in Reducing to Writing Held Unnecessary.—Where the pleadings in an action on an automobile insurance policy set forth the facts under which the false statements made in the application were written, it was unnecessary for the insured to aver that the mistakes, which were those of the soliciting agent, came about through fraud, oversight, or mistake in reducing the contract to writing.

YEAMAN & YEAMAN and NOAH C. BAINUM for appellant.

A. LEO KING and J. C. WORSHAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant, Standard Auto Association, is defending
this action against appellee Russell on a policy of fire
insurance issued by it to him on his Saxon automobile
in 1920, for $700.00. He recovered a verdict for $700.00
upon which judgment was entered in the lower court.
The association appeals.

It is the contention of the association that the state-
ments in the written application of appellee Russell to
the association for a policy of insurance are: (1) war-
ranties, and (2) false and fraudulent. The material part
of the application for the policy of insurance reads as
follows:

"AMOUNT OF FIRE AND THEFT INSURANCE RECOMMENDED
BY AGENT, $700.00.

"What is your name? A. Ewing Russell. Do you
want fire insurance Yes. Theft insurance? Yes. Dam-
age? No. Do you want public liability? No. Do you
want property damage? No. Manufacturer or make?
Saxon. Type of body? Touring. No. of cylinder? Six.
Year of model? 1919. Motor No.? X32601. Horse power?
Thirty. Date purchased? May, 1920. From whom?
Maxwell Agency, Evansville. Price paid? $800.00. Was
car second-hand? Yes. Is car mortgaged? No. If so,
to whom, and for how much? List price of car when
new? $1,135.00. Usual storage place? Yont's garage, 1st
street, Henderson. Policy to be dated, Nov. 24, 1920.
Date of application, Nov. 24, 1920. Premium payable?
Annually."

The insurer insists that there are at least three false
and fraudulent statements in said application, made and
signed by the insured: (1) The motor number given is in-
correct, (2) purchase of car was not from Maxwell agency
in Evansville, and (3) appellee did not pay $800.00 for
the car. All these matters are set up and relied upon
in the answer of appellant association to defeat a re-
covery on the policy. In reply to these averments in the
answer the plaintiff alleges that on or about November
27th, 1920, S. C. Gilmore, as agent for the defendant,
solicited plaintiff to purchase the policy of insurance sued
on, and that the said Gilmore prepared and filled out
the answers to the questions on the application for said
insurance; that when the said Gilmore, in filling out said

application, came to the question as to the number of the motor of said automobile, plaintiff told him he did not know what was the motor number, and the said Gilmore said he would obtain the same by examining the number stamped on the motor, and would insert it in said application; and that the number so inserted therein was inserted by the said Gilmore, without the knowledge of or any representation as to its correctness by the plaintiff; that the said Gilmore, when he came to the question in the application from whom the automobile was purchased, was told by this plaintiff that he did not know the name of the firm from whom he had bought it, but it was a garage located at Eighth and Walnut streets, in the city of Evansville, Ind., and he thought the name of the garage was the Maxwell agency, but if the said Gilmore would wait until this plaintiff could look at his bill of sale he could tell him the name of the seller; that the said Gilmore said never mind, that the name of the seller was not material, and he would put it down as the Maxwell agency, and that he did insert the name of the Maxwell agency, without any representation on the part of this plaintiff that the Maxwell agency was the one from whom plaintiff bought said automobile. That when the said Gilmore, in filling out said application, came to the question as to the amount of the purchase price, this plaintiff stated to him that the car had cost him in the neighborhood of $800.00, which represented the cost of the automobile and the new tires and other parts which he had bought and put on the car; that the said Gilmore stated that as the car stood this plaintiff about $800.00, he would put the purchase price as $800.00; and that said sum of $800.00 was inserted by the said Gilmore, without any representation on the part of this plaintiff that the same was the amount paid by him for the car.

After the issues were joined a jury trial was had, resulting in a verdict in favor of appellee Russell for $700.00. The instructions submitted each of the foregoing questions. The evidence on behalf of appellee Russell, plaintiff below, sustains each of the averments of the reply. The agent Gilmore did not testify.

Our rule regards an insurance solicitor as the agent of the company and not of the insured; and if such agent writes false answers to questions propounded to the ap-

plicant, or by misleading statements induces the applicant to make false answers, when the applicant is acting in good faith and without any intention to deceive, the company will be estopped to rely upon the answers to defeat the policy. That rule exactly fits this case. According to the weight of the evidence the insured was acting in absolutely good faith. When asked by the agent of the insurance company who solicited the insurance, the motor number of his car, he answered he did not know but that it could be had from the motor in the car which was in the Yont's garage. Whereupon the agent said he would go by the garage and get the number, and the number was written in the application by the agent some time thereafter and without the knowledge or assistance of the insured. The statement that the insured bought the car from the Maxwell agency in Evansville, Indiana, came about in much the same way. He could not recall the garage from which he purchased the car but told the agent that it was at the corner of certain streets in Evansville, and that if the agent would wait a short time insured would get his bill of sale and show the agent the name of the garage from which the car was purchased; but the agent told insured that it made no difference and that he would put it down Maxwell agency. When the question came up as to how much the insured had paid for the automobile, he told the agent that it had cost him somewhere between $700.00 and $800.00, counting the equipments and tires which he had placed on the car after he had bought it, and this is proven to be true. When the agent heard the story of the insured concerning the cost of the car he suggested he write it down as $800.00 and did so. According to this evidence the insured was not guilty of any bad faith. If there were bad faith it was on the part of the agent of the company and the company cannot complain of this.

"It is the general rule," says 14 R. C. L., p. 1174, "that an insurance agent in making out an application for insurance acts as the agent of the insurer and not of the insured, and if the insured makes proper answers to the questions propounded, the insurer cannot take advantage of a false answer inserted by its agent contrary to the facts as stated by the applicant. Nor can the insurer avoid the force of this rule by stating in the policy that the agent or the physician acts as the agent of the

insured in taking the application or in making the medical examination, as such a statement in the policy is, generally speaking, in direct variance with the actual facts; and the same is true of a provision that it shall not be responsible for the agent's acts.'' Masonic Life Assn. of N. Y. v. Robinson, 149 Ky. 80; Same v. Same, 156 Ky. 371; Maccabees of the World v. Shields, 156 Ky. 277.

We can see no reason why the general laws of Kentucky should not apply to the appellant association, although it is argued in brief of appellant that they do not.

As all the facts concerning how the alleged false statements were embraced in the written application for insurance were set forth in the pleadings, it was unnecessary to aver that the mistakes came about through fraud, oversight or mistake in reducing the contract to writing. We have held that the insertion of false statements by the agent of the company would estop the company to deny its liability on the policy, if the insured was acting in good faith.

No reason being shown why the judgment should be reversed it is affirmed.