## Standard Auto Insurance Association v. Henson.

(Decided December 4, 1923.)

### Appeal from McCracken Circuit Court.

1. Evidence—Waiver of forfeiture or Estoppel Proved by Parol Evidence.—Where a condition in an insurance contract provides a forfeiture for its violation, a waiver of the forfeiture or an estoppel to rely on such may be proven by parol evidence.

2. Insurance—Insurer has Right to Rely on Information Obtained from Insured.—An insurer is not presumed to have sufficient information in reference to an automobile upon which insurance is sought to enable it to determine if it is a suitable risk, and it is proper for it to secure such information from the insured and to rely on the representations he makes, and, if untrue and material or fraudulent, he should be held accountable therefor, even to the extent of avoiding the policy.

3. Insurance—Insurer Cognizant of Facts Cannot Rely on Untrue Statements in Application.—If insurer of automobiles, with full knowledge of all the essential facts, accepts premium, and treats insured as a policyholder before a loss, it will be presumed to have waived forfeiture provisions respecting representations in application, and will not be heard to say that the policy is void on the ground of representations, if the insured acted in good faith.

4. Insurance—Knowledge of Agent as to Facts Knowledge of Company.—An agent of an automobile insurer in filling out an application represents it, and not the applicant, and his knowledge as to the model and year of the car is knowledge of the company, especially where he fills out the application from his own informa-

tion, and it is signed by the applicant in good faith, and without an intention to deceive.

5. Insurance—Reciprocal Association Held Not Exempted from Statutes Relating to Effect of Warranties and Representations—"Exchange."—Ky. Stats., section 743m-12, providing that no law relating to insurance shall apply to the exchange of reciprocal indemnity contract, means that the restrictions and limitations placed by the laws upon the issuance and delivery of other forms of insurance shall not apply to the "exchange," that is to the "issuance" and "delivery," of this form of insurance, and does not affect the application to such contracts of sections 639, 679, relating to effect of representations and warranties.

6. Trial—Instruction Assuming Measure of Damages to be Amount of Policy Less Salvage Held Erroneous.—Under a policy of fire insurance of an automobile providing that the insurer should not be liable beyond the actual cash value of property destroyed, it was error for the court in an instruction to assume the measure of damages to be the amount of the policy, less salvage, where there was an issue in the pleading as to the value of the automobile, and no evidence introduced.

7. Insurance—Instruction as to False Statements in Application Held Erroneous.—In action on fire policy for loss of automobile, an instruction requiring the jury to believe that statements in application were untrue and fraudulent and material was erroneus, since to constitute a defense it was only necessary for such representations to be untrue and either material or fraudulent.

EATON & BOYD for appellant.

MOCQUOT, BERRY & REED for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant is a reciprocal insurance association, and the Bainan-Phillipi Company is its attorney in fact. Its agent at Paducah at the time of the transaction herein was Jack Shepherd.

In February, 1921, through the above agent, appellant issued to appellee Henson, a twelve months' policy for the sum of $700.00 on a second-hand Studebaker automobile. This machine was destroyed by fire in the month of May of that year and the company declining to pay the policy Henson brought suit thereon.

The defense was that Henson in the written application for insurance falsely and fraudulently stated that the machine was a 1916 model, the motor number 80256, and that its actual second-hand cost in October, 1920, was $700.00; that in fact and truth the model year was

1915, motor number 30256, and the cost to plaintiff the sum of $450.00, and that if it had known those facts or any of them it would not have issued the policy; that by its terms such representations were warranties and voided the policy.

The reply pleaded an estoppel to the forfeiture. The defendant assumed the burden and at the conclusion of all the evidence asked for a peremptory instruction in its favor, which was refused. A verdict was rendered in favor of plaintiff for $660.00, and defendant appeals, insisting that the verdict was excessive; that it is not sustained by sufficient evidence; that the court erred in the admission and exclusion of evidence; that the instructions were erroneous and that it erred in not peremptorily instructing the jury to find for it.

The evidence of appellant's officers is to the effect that the policy was issued on the faith of the representations made in the application; that a stolen auto is traced by the motor number, and it would not issue a policy at all if it had reason to believe that the motor number was incorrectly stated; that the model year shows the age and largely regulates the price of second-hand machines and is to be considered in determining their condition; that in no event does it insure a second-hand machine for more than it cost, and that it would not have issued the policy if these facts or any of them had been truthfully stated in the application.

The plaintiff testified that he purchased the machine in October, 1920, paying therefor $450.00; that he stored it in the C. & G. garage, which was operated by Jack Shepherd, who was agent for defendant; that Shepherd on a number of occasions solicited him to take a policy of insurance on the car, and that he finally applied for same; that Shepherd filled out the written application from his own knowledge and that he signed it; that he, plaintiff, did not know the motor number, and Shepherd took a searchlight and went into the garage where the machine was stored and examined it, and in that way secured the information and wrote the number in the application; he did not know the model year, but Shepherd was familiar with the make of the machine and could tell the model year from the motor number; that he bought it for a 1916 model and so told Shepherd, but relied on him to state the year correctly, and that Shepherd wrote the same in and did not ask him and he did

not tell him the cost of the car, but that Shepherd told him that he could give him $700.00 insurance, and that he told him that "was plenty," and that Shepherd then wrote it up and he signed it and paid the premium to Shepherd, who sent the application off and the policy came back. Shepherd was not introduced as a witness and the evidence for the plaintiff was undenied and there is nothing to indicate that he practiced any deception.

It is insisted that all prior agreements and understandings were merged in the written application and policy, and the two writings formed the contract between the parties; that the terms of neither can be varied by parol evidence, and therefore this evidence was inadmissible.

This is a sound rule, but in a majority of the courts it is held that where a condition provides a forfeiture for its violation, a waiver of the forfeiture or an estoppel to rely on such may be proven by parol evidence.

The conditions are that if certain material representations are untrue the policy will be void, or if untrue and fraudulent the same result will follow, regardless of their materiality. The insurer is not presumed to have sufficient information in reference to the article upon which the insurance is sought to enable it to determine if it is a suitable risk, therefore it is eminently proper for it to secure such information from the insured and to rely on the representations he makes, and if untrue and material or fraudulent he should be held accountable therefor, even to the extent of avoiding the policy.

But if the insurer is fully cognizant of all the facts, we cannot say as a matter of law that it relies on the statements in the application; in other words, if with full knowledge of all the essential facts it accepts the premium and treats the insured as a policyholder before a loss, it will be presumed to have waived the forfeiture provisions, and therefore will not be heard to say that the policy is void on that ground, if the insured acted in good faith, even though in some material respects the statements in the application were untrue.

In determining this question the courts have generally held that an agent of the insurer in filling out an application represents it and not the applicant, and that his knowledge is the knowledge of the company; especially where the agent of the insurer fills out the application from his own information and it is signed by the applicant in good faith and without an intention to deceive.

Aetna Life Insurance Co. v. Howell, 32 L. R. 939; Continental Fire Insurance Co. v. Stunston & Co., 30 L. R. 1176; Crawford's Admr. v. Travelers' Insurance Co., 30 L. R. 943; Masonic Life Insurance Co. of New York v. Robinson, 149 Ky. 80, 156 Ky. 371; Cooley's Law on Insurance, vol. 2, page 2558.

It is argued (a) that the above decisions are based on section 639, Ky. Statutes, which in part reads:

"All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties, nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy."

(b) That as a reciprocal association it is exempted from the provisions of this section as well as from those of section 679, which forbids the introduction in evidence of the written application unless a copy of it is in some way made a part of the policy, and therefore this case is to be distinguished from those cited, *supra*.

Section 743m-1-12, Ky. Statutes, relates to the organization, conduct, control and regulation of such companies, subsection 12 being relied on by appellant.

Subsection 1 of that act provides:

"Individuals, partnerships and corporations of this Commonwealth, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other or with individuals, partnerships and corporations of other states and countries, providing indemnity among themselves from any loss which may be insured against under other provisions of the laws excepting life insurance."

Subsection 12 provides:

"Except as provided in this section (section 743m-1-12 inclusive), no law in this Commonwealth relating to insurance shall apply to the exchange of such indemnity contracts."

In elaboration of its contention appellant insists that all policyholders in a reciprocal insurance association are members and each one is an integral part thereof and as such is presumed to know the rules and regulations of the association as well as the conditions; that no profit is earned and the insurance is carried at cost; that by the provisions of subsection 12, *supra*, the legislature intended to relieve such associations from the limitations

of section 639 and 679, *supra;* that this would leave them subject to the common law, and under the common law any misrepresentation voids the policy, whether material or not.

We might suggest that the same questions were raised by the same appellant in a similar case presenting almost identically the same issues of fact and decided adversely to appellant's contention, the court saying:

"We can see no reason why the general laws of Kentucky should not apply to the appellant association, although it is argued in brief of appellant that they do not." Standard Auto Insurance Association v. Russell, 199 Ky. 470.

While not further elaborated in that case the broad principle laid down was decisive of the questions involved therein, and it would seem is of controlling force in this.

Were it a matter of first impression it is evident that the legislature did not intend this statute to embrace all the law relating to such associations as a unit, and by its enactment to abrogate and set aside all the common law, and to repeal all other statutes, including rules of evidence and other matters regulating insurance upon such property in so far as these associations are concerned, hence it must have been intended to apply to some particular feature of this form of insurance.

The appellant seems to distinguish between the statutes and the common law and assumes that the legislative intent was to withdraw all other statutory regulations from this form of contract, and leave it to be construed and controlled by the rules of the common law, but there is nothing in the act itself that indicates such intent, the language being:

"Except as provided in this section (743m-1-12 inclusive) no law in this Commonwealth relating to insurance shall apply to the exchange of such indemnity contracts."

Surely the common law where applicable is as much a part of the law in this state as is any statute, and no such distinction can be drawn.

A reference to the two sections quoted, *supra,* and to the entire act, section 743m-1-12, indicates that the word "exchange" as used therein means that the classes of persons therein named may *issue* and *deliver* to each other, and to others of the same class, reciprocal or inter-insurance contracts, and the restrictions and limitations

placed by the insurance laws of the state upon the *issuance* and *delivery* of other forms of insurance shall not apply to the "exchange," that is, *issuance* and *delivery* of this form of insurance.   This may be a narrow construction of the word "exchange" but it renders the act consistent, and we have seen that a broader construction makes it unreasonable, and on the whole it seems to us that this was the legislative intent.

As neither section 639 nor 679 has any application to the "exchange," that is, issuance and delivery of such contracts, they are unaffected by subsection 12 of section 743m.

It follows that the court did not err in permitting parol evidence on the question of waiver or in overruling appellant's motion for a peremptory instruction.

In the instruction given the court assumed the measure of damage to be the amount of the policy, less $34.00 salvage.   This was error, as the policy provided that the association should not be liable beyond the actual cash value of the property destroyed, and as there was an issue in the pleadings as to the value of the machine, and no evidence introduced, the issue of value should have been incorporated in the instruction.   Further, the jury were required to believe that the statements in the application were untrue and fraudulent and material.   This was also error.   To constitute a defense it was only necessary for such representations to be untrue and either material or fraudulent.   Of course if the written application was inadmissible in evidence this error would not be prejudicial, but as that question has not been raised and as the case must be reversed for the other error in the instruction we refrain from discussing this.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.