## Metropolitan Life Insurance Company v. Trunick's Administrator.

(Decided March 15, 1929.)

(As Modified, on Denial of Rehearing, May 24, 1929.)

WILLIAM MARSHALL BULLITT, LEO T. WOLFORD and BRUCE & BULLITT for appellant.

ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Celester A. Trunick, a midwife by profession, died intestate and a resident of Louisville, Ky., on May 15,

1925. She was 62 years of age at the time of her death, and on November 17, 1924, she made written application to appellant and defendant below, Metropolitan Life Insurance Company, for two industrial insurance policies on her life of $200 each payable to her estate, and on December 15 thereafter the policies were issued and delivered. This action was filed in the Jefferson circuit court by appellee and plaintiff below, Ben J. Johnson, as her qualified personal representative, to recover the amount of the two policies which defendant refused to pay because of material false statements contained in the written applications as an inducement for it to issue the policies. It defended upon that ground, and in its answer set out the false statements relied on, among which was that the insured had never been afflicted with cancer, when in truth and in fact she was so afflicted and was treated therefor in July, 1924, and up to a short while before the date of the applications, and that other false answers concerning her health, treatment by physicians, and confinement in hospitals were also relied on. The reply denied that the insured made such statements, answers, or representations, and denied that the applications were read to her; but plaintiff nowhere in that pleading, or in any other, alleged any fraud on the part of defendant's agent who solicited and procured the insurance. In other words, the reply was, in legal effect, no more than a denial that the statements were made, although it was conceded that the insured, who could not write, procured her daughter to subscribe her name to the applications and to which the latter made her mark, and the proof conclusively established such to be the fact. The reply also sought to avoid some of the relied on statements by averring that defendant's agent knew that insured had been confined in an infirmary for a short while during the summer of 1924 and that she had been given electrical treatments for some sort of ailment, but there was no effort to plead that the agent knew anything concerning the nature of such affliction, much less that it was a cancer.

Proper pleadings made the issues, and upon the first trial the court sustained defendant's motion for a peremptory instruction, but later sustained plaintiff's motion for a new trial and set aside the verdict returned and the judgment rendered on that hearing, to which defendant objected and excepted, and it then filed its bills of exceptions and evidence. At a second trial the court

overruled defendant's motion for a peremptory instruction and instructed the jury to find for plaintiff the amount of the policies, unless it believed that the alleged false statements (setting them out) were made by the insured, in which event the verdict should be for defendant, unless, further, that the jury should believe from the evidence that the agent of defendant made the statements without asking insured anything with reference thereto, and that she signed the applications without reading them or having them read to her, in which latter event the jury was instructed to find for plaintiff. In other words, the instruction submitted to the jury facts in avoidance of the statements contained in the applications, as constituting either a waiver by defendant or an estoppel against it through fraudulent conduct of its agent in inserting the statements in the applications, without any pleading relying upon any such avoiding facts, and which in effect was a holding that they could be proven by plaintiff and he obtain the benefit of them under a general denial that the statements were made by his decedent, notwithstanding it was admitted that she in a recognized legal manner subscribed her name to the applications containing them.

In an effort to sustain the judgment, learned counsel for plaintiff cites and relies on a number of opinions of this court wherein it appeared that the false statements rendering the policies void, and relied on by defendant in defense of the action based upon the policies, were either inserted by the agent without the knowledge or consent of the insured and of his own accord or volition, or by his writing in the policy or application statements contrary to those actually made by the insured and about which he was specifically inquired. There is no doubt that under such conditions the relied on false statements are not available to the defendant, unless the evidence is sufficient to show a collusion between the agent and the insured whereby the insurer is deceived into issuing the policy and but for which it would not have done so. In a great number of the cited opinions, it appears that such avoiding facts were specifically pleaded and relied on so as to permit the introduction of evidence to prove them, and we are quite sure that the few opinions wherein it does not so appear such a special plea was made. Two of the cases most strongly relied upon by plaintiff's counsel are Standard Automobile Insurance Association v. Russell, 199 Ky. 470, 251 S. W. 628, and

Standard Automobile Ins. Ass'n v. Henson, 201 Ky. 230, 256 S. W. 414.

It was also contended by the defendant in the Russell case that plaintiff had not alleged that the false statements relied on in defense of the action were fraudulently made by the agent which plaintiff contended was true. The pleading of plaintiff upon that phase of the case did not expressly employ the words "fraud" or "fraudulently," but the opinion held that it was not necessary to do so if all the facts sufficient to create the fraud were alleged and which the opinion held had been done in that case. It will therefore be seen that, instead of that opinion sustaining the practice employed in this case, it is an authority expressly upholding the contention of defendant's counsel to the effect that such avoiding facts must be specially pleaded and relied on.

In the Henson case the opinion refers to such avoiding facts as constituting a waiver by, or an estoppel against, the insurer and which it is held may be proven by parol without violating the rule against modifying or altering a written contract by that character of testimony. It is the well-settled rule in this jurisdiction that both waiver and estoppel must be pleaded before testimony can be admitted to establish them. See Union Gas & Oil Co. v. Indian-Tex Petroleum Co., 202 Ky. 236, 259 S. W. 57; Lacey v. Layne, 190 Ky. 667, 228 S. W. 1; Loy v. Nelson, 201 Ky. 710, 258 S. W. 303; Hitchcock v. Tackett, 208 Ky. 803, 272 S. W. 52. It is equally well settled that extrinsic evidence may be heard to impeach a writing the execution of which is admitted or proven, under a pleading averring its execution through fraud or mistake; but such evidence is not admissible unless preceded by a pleading to that effect, and which rule is so universally applied that we deem it unnecessary to cite sustaining cases.

The case of McGregor v. Metropolitan Life Insurance Co., 143 Ky. 488, 136 S. W. 889, involved the same rule of practice now under consideration. The avoiding facts there consisted in alleged conduct of the agent of the insurer, but there was no pleading of any fraud on his part, or mistake on the part of the insured, and the testimony to establish such facts was rejected by the trial court, and that ruling was approved by us solely upon the ground that as a condition precedent to the admissibility of the offered testimony there should be a pleading expressly relying upon such facts. To the same effect

are the opinions in the cases of Standard Automobile Insurance Association v. West, 203 Ky. 335, 262 S. W. 296, and Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 269 S. W. 722. See, also, Miles' Adm'r, etc., v. National Union Fire Insurance Co., 201 Ky. 179, 256 S. W. 7. Plaintiff's counsel seems to have contemplated the rule of practice herein discussed, since during the pendency of the cause he tendered an amended pleading setting up the facts relied on in avoidance of the statements contained in the application, but before the court acted on his motion to file it he withdrew it, but for what reason the record does not disclose.

The rule is not a harsh one, and is eminently proper in furtherance of the fundamental purpose of proper pleading. That purpose is to inform the adversary litigant of the facts upon which reliance will be made. When it is intended to impeach a written contract or some portion thereof that the opposite party is relying on for his cause of action or defense, it is highly essential that the latter should be informed of such intention and purpose, so that he may prepare himself to meet the issues. The existence of the rule does not mean, as counsel for plaintiff seems to conclude, that an insurance agent may fraudulently procure the signature of the insured to a falsified application and permanently and unalterably bind him thereby. It only requires that before the insured in such a case may attack the writing which he acknowledgedly signed, he must plead the facts constituting his grounds of attack, and which constitutes no departure from established rules of practice, nor does it have the effect to fasten the fruits of fraud upon the defrauded party without remedy of escape. It only prescribes a method of escape, and which must be pursued in order to be available to the defrauded party.

What facts, if any, would serve to nullify or excuse the relied on acts and conduct of defendant's agent, presents a question that is not now before us and upon which we express no opinion. Neither are we called upon under the presentation now made to reinstate the first verdict rendered in this case upon the ground that the court improperly granted to plaintiff a new trial, since we are not asked to do so, nor was any such request made in the court below. The evidence heard at the trial conclusively proved that some, if not all, of the relied on statements were both false and material; but whether defendant can avail itself thereof under the contentions made by plain-

178

tiff is a question to be determined under proper pleading and evidence in support thereof.

The case was so practiced as to entitle defendant to the benefit of the errors discussed, and because of them the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.