# Provident Life & Accident Insurance Company of Chattanooga, Tenn. v. Parks.

(Decided April 28, 1931.)

COLEMAN & LANCASTER for appellant.

E. P. PHILLIPS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

On October 30, 1928, appellant and defendant below, Provident Life & Accident Insurance Company of Chat-

tanooga, Tenn., issued to the appellee and plaintiff below, David M. Parks, an accident policy, whereby defendant agreed to indemnify plaintiff for designated personal injuries sustained by him by accidental means, "exclusively of all other causes," in the principal sum of $2,000, and it was expressly stipulated therein that "the insured (plaintiff) would be entitled to recover $1,000.00 for loss of either hand by severance at or above the wrist," if brought about by an accident of the character described.

On December 29 thereafter plaintiff sustained such an accident at a railroad crossing in Murray, Ky., when he jumped from his automobile to avoid an inevitable collision with it by an approaching train and fractured one of his legs. In his disabled condition he endeavored to maintain a standing attitude, but was unable to do so, and fell to the ground with his left hand resting on one of the rails of the railroad track, and it was run over by the approaching train and so mashed and crushed as to require its amputation above the wrist. He made proof of his loss and furnished it to defendant with a demand that it pay him the $1,000 therefor, and to which he was entitled under his policy, but it refused, and he later filed this action against it in the Calloway circuit court to recover that sum.

Defendant's answer admitted the accident and the issuing of the policy, but in another paragraph sought to avoid liability upon the ground that plaintiff signed a written application therefor, a copy of which was attached to the policy, and in it he made certain false, fraudulent, and material representations but for which defendant would not have issued the policy. That paragraph of the answer was denied by reply, and in another paragraph of the latter pleading plaintiff pleaded a waiver and an estoppel against the defense of false, fraudulent, and material answers in the application, based upon the pleaded fact that plaintiff himself made no representations of any character or nature whatever at the time he signed the application, which was some several days before the issuing of the policy. But on the contrary it was alleged in that paragraph of the reply that the agent of defendant, without making inquiry whatever of plaintiff, filled in the application, including the answers to all questions therein, either from his own knowledge, or without any knowledge on the subject. That when so done by him he requested plaintiff to sub-

scribe his name thereto, which was done, and the agent then stated that a policy would be issued and delivered shortly thereafter; whereupon plaintiff left the office of the agent and heard no more of the matter until the policy was delivered to him. That pleading of plaintiff was controverted of record, and the jury, under the instructions submitted to it by the court, returned a verdict in favor of plaintiff for the full amount sued for, upon which judgment was rendered, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal.

At the trial plaintiff and his son testified positively, and in a convincing manner, that the application for the policy was filled in and signed in the exact manner set out in plaintiff's reply, while the agent of defendant did not positively contradict that testimony in all respects; but in several instances he testified "to the best of my remembrance" and "to the best of my recollection," and "I judge I did," etc. If, however, he had been absolutely positive as to the details with reference to the execution of the application for the policy, then the testimony on that issue would have been confined to that given by plaintiff and his son on the one side, and by defendant's agent on the other. The court submitted that issue to the jury under appropriate instruction and said to it, in substance, that, if it believed from the evidence that the application was so made out and signed (i. e., that the answers were written by the agent of defendant without inquiry by him of plaintiff and of his own volition," and that plaintiff did not know when he signed said application the answers contained therein, and acted in good faith in signing same"), then it should return a verdict in favor of plaintiff for the sum of $1,000.

The chief ground argued for a reversal is the alleged error of the court in not sustaining defendant's motion for a peremptory instruction in its favor, and as a consequence it erred in giving the instruction above referred to submitting the estoppel plea contained in plaintiff's reply, and which argument proceeds upon the theory that the facts relied on to establish the estoppel were insufficient for that purpose. In support of that argument a number of cases from this court are cited, chief and prominent representatives of which are, Commonwealth Life Insurance Co. v. Spears, 219 Ky. 681, 294 S. W. 138; Accident Insurance Co. v. Fisher, 211 Ky. 12, 276 S. W. 981; Penick v. Metropolitan Life Ins. Co., 220

Ky. 626, 295 S. W. 900. But the principles announced by those opinions are not applicable to the facts of this case. They dealt with answers and representations, either intentionally made exclusively by the insured without knowledge of their falsity but with the belief that they were true, or where they were not material but knowingly false, or, where the agent and the insured both participated in the making of the false representations. In such latter circumstances the opinion in the Spears case said that the company would not be estopped because of the knowledge and participation of its agent, since in that event the false representation would be the fruitage of a fraudulent collusion between the agent and the insured, and not binding on the company.

Neither do the facts in this case bring it within the principles of the other cited cases by learned counsel for defendant, since under the pleadings and plaintiff's testimony (which the jury found to be true) he himself made no representations whatever in this case, and his knowledge or want of knowledge as to their truth or falsity, or his bona fides in the matter of their making, are neither of them involved. On the contrary, the case rests entirely and exclusively upon the proposition: Whether an application made out entirely by the agent of the insurer from his own knowledge, or fraudulently (but in which fraud plaintiff did not participate) and signed by the insured without reading it or without knowledge of its contents, will constitute an estoppel against the agent's principal to rely upon the alleged falsifications contained therein.

The question, so presented, was before this court in the recent case of Metropolitan Life Ins. Co. v. Turnick's Adm'r, 229 Ky. 173, 16 S. W. (2d). 759. That opinion cited two prior ones from this court to the same effect, and which are: Standard Automobile Ins. Association v. Russell, 199 Ky. 470, 251 S. W. 628, and Standard Automobile Ins. Co. v. Henson, 201 Ky. 231, 256 S. W. 414. It was held in those cases that under facts similar to those we have here the insurer was estopped to rely upon the false representations contained in the application executed under such circumstances, unless the insured in some manner participated therein so as to bring the case within the doctrine of the Spears, Henson, and other opinions from this court, holding that, if the application was the result of a fraudulent collusion between plain-

tiff and defendant's agent, and it contained material and fraudulent representations, the company would not be estopped to rely thereon as a defense to an action on the policy based upon such collusive application.

In this case no defense of that nature was made, nor did the proof sustain it, if it had been made, and, therefore, the principles of those cases upon which counsel seem to rely have no application in this case. On the contrary, the case is governed by the opinions in the Trunick, Henson and Russell cases supra, and since the instruction complained of followed those opinions, the court did not err in refusing defendant's offered peremptory instruction, nor in submitting the estoppel issue to the jury which it did, as we have seen, under an appropriate instruction. The jury under the evidence on that issue was amply justified in returning the verdict it did. If collusion between defendant's agent and plaintiff had been relied on in defense of the action, and there had been proof to sustain it, then it would have been the duty of the court to have submitted it to the jury under the principles announced in the Spears and Penick cases supra, and others from this court of like tenor.

For the reasons stated, we conclude that the case was properly tried without prejudicial error, and the judgment is accordingly affirmed.