## Metropolitan Life Ins. Co. v. Trunick's Adm'r.

(Decided Dec. 2, 1932.)

BRUCE & BULLITT, WM. MARSHALL BULLITT, LEO T. WOLFORD, and ROBERT L. BLACKWELL for appellant.
ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On December 15, 1924, the Metropolitan Life Insurance Company issued two policies for $200 each insuring the life of Celesta Trunick. The insured died on May 15, 1925, and, the insurance company having denied liability, the administrator of Celesta Trunick's estate brought this action to recover on the two policies.

Three trials have been had, and this is the second appeal. The opinion on the former appeal is reported in 229 Ky. 173, 16 S. W. (2d) 759, 761, where the facts are fully stated. The judgment in favor of the plaintiff was reversed on the former appeal because it was not pleaded that the alleged false statements made by the insured in the applications for the policies were made through the fraud of the agent of the insurance company and which was relied upon by the plaintiff in avoidance of the insurance company's defense. The avoiding facts relied upon by the plaintiff constituted, in effect, a waiver by, or an estoppel against, the in-

surance company, and it was held that it was necessary to plead the waiver and estoppel before testimony could be admitted to establish them. Upon the return of the case, the plaintiff filed an amended reply in which it was alleged, in substance, that the agent and medical examiner of the insurance company knew that the applications contained the questions set out in defendant's answer in regard to condition of health, cancer, care of physicians, and treatment in hospitals, and that they fraudulently concealed from the insured the fact that these questions were in the applications, and that they fraudulently represented to her that all that was necessary for her to do was to sign the applications, and that they neither asked her the questions contained in the applications nor read them to her nor had her to read them, and that her signature to the applications was obtained by the fraud of the agent in concealing from her the questions contained therein. On the trial, the jury returned a verdict in favor of the plaintiff, and the defendant has again filed a transcript of the record in this court accompanied by a motion for an appeal.

It is insisted that the trial court erred in overruling defendant's motion for a peremptory instruction because (1) the policies expressly provided that they should be void "if * * * the insured * * * has within two years before date hereof been attended by a physician for any serious disease or complaint"; and (2) it was conclusively shown that there were misrepresentations in Celesta Trunick's applications which were both material and fraudulent. It was shown without contradiction that Celesta Trunick was attended by at least three physicians within six months before the date of the policies, and that she was treated by them for cancer. Whether or not the provision of the policies invalidating them if the insured within two years prior to their date had been attended by a physician for a serious disease constitutes a valid defense to the policies when the proof shows that the insured had been attended by a physician for a serious disease within such two-year period cannot be considered, since this provision was not relied upon in the court below, and there is no pleading setting up those facts as a defense. The only defense asserted in the lower court was that the insured made false and material statements in the applications signed by her. As was said on the former appeal:

"The evidence heard at the trial conclusively proved that some, if not all, of the relied on statements were both false and material."

The sole question presented for determination is whether or not any facts were shown which relieved the plaintiff from the binding effect of Celesta Trunick's signature to the applications which contained the misrepresentations.

Ordinarily, a person who signs a writing is bound by its terms and conditions, though it is not read to or by him, unless his signature to the writing is obtained by fraudulent means employed by the other party. In the case of insurance contracts, it is the rule that the insurer will be estopped to deny its liability on the policy if its agent inserts false statements in the written application, or by misleading statements induces the insured to make false answers if the insured is acting in good faith. Provident Life & Accident Insurance Company v. Parks, 238 Ky. 518, 38 S. W. (2d) 446, 448; Standard Auto Insurance Association v. Russell, 199 Ky. 470, 251 S. W. 628; Ætna Life Insurance Company v. McCullagh, 185 Ky. 664, 215 S. W. 821; Hartford Insurance Company v. Haas, 87 Ky. 531, 9 S. W. 720, 10 Ky. Law Rep. 573, 2 L. R. A. 64.

In the Parks Case, supra, the insurance company sought to avoid liability upon the ground that plaintiff made certain false material representations in the written application signed by him. The plaintiff pleaded waiver and estoppel. He alleged that he made no representations of any character at the time he signed the application, but that the agent of the insurance company, without making any inquiry of plaintiff, filled in the application, including the answers to all questions therein, either from his own knowledge or without any knowledge on the subject, and that he then requested plaintiff to sign the application, which was done. It was held that, where an application is made out entirely by the agent of the insurer from his own knowledge, or fraudulently, and the insured, acting in good faith, signs the application without reading it or without knowledge of its contents, the company will be estopped to rely upon the alleged false statements contained therein. In the course of the opinion the court referred to the opinion on the former appeal in the instant case, and said:

"The question, so presented, was before this court in the recent case of Metropolitan Life Ins. Co. v. Trunick's Adm'r, 229 Ky. 173, 16 S. W. (2d) 759. That opinion cited two prior ones from this court to the same effect, and which are: Standard Automobile Ins. Association v. Russell, 199 Ky. 470, 251 S. W. 628, and Standard Automobile Ins. Ass'n v. Henson, 201 Ky. 231, 256 S. W. 414. It was held in those cases that under facts similar to those we have here the insurer was estopped to rely upon the false representations contained in the application executed under such circumstances, unless the insured in some manner participated therein so as to bring the case within the doctrine of the Spears (219 Ky. 681, 294 S. W. 138), Henson and other opinions from this court, holding that, if the application was the result of a fraudulent collusion between plaintiff and defendant's agent, and it contained material and fraudulent representations, the company would not be estopped to rely thereon as a defense to an action on the policy based upon such collusive application.

"In this case no defense of that nature was made, nor did the proof sustain it, if it had been made, and, therefore, the principles of those cases upon which counsel seem to rely have no application in this case. On the contrary, the case is governed by the opinions in the Trunick, Henson and Russell Cases supra, and, since the instruction complained of followed those opinions, the court did not err in refusing defendant's offered peremptory instruction, nor in submitting the estoppel issue to the jury which it did, as we have seen, under an appropriate instruction."

It is argued that this is not a case where an application was signed and incorrect representations were thereafter inserted by the agent, or where the applicant gave correct answers but the agent inserted false answers, or where the agent inserts representations out of his own knowledge, because no answers were written in by the agent or the medical examiner. The following is a sample of the questions or statements appearing in the application:

"I have never been under treatment in any dispen-

sary, hospital or asylum, nor been an inmate of any almshouse or other institution, except.''

Following this statement a blank space is provided for the exceptions, if any, and then this appears:

"I have stated all exceptions with times and places of such treatments."

It will be noted that the representation is not in the form of a question and answer, but in the form of a positive statement, and, if nothing is written in the blank spaces provided for exceptions, it is equivalent to a statement by the applicant that there are no exceptions. If the agent or medical examiner stated to Mrs. Trunick that there was nothing for her to do except to sign the application, the result was the same as though he had written the word "none" in the blank space provided after each statement.

Mrs. Eva Baker, a daughter of Celesta Trunick, testified that she was present when the medical examiner came to her home and requested her mother to sign the application, and that he did not ask her mother any questions concerning her health, her treatments by physicians, or her presence in any hospital, and did not read to her the statements contained in the application, but merely requested her to sign the application, which she did by making her mark, which was witnessed by the examiner. The trial court excluded the testimony of Mrs. Baker on this point apparently on the theory that the insured was bound by her act in signing the application, unless some artifice or deceit amounting to fraud was practiced on her in procuring her signature, and that the evidence did not show that such artifice or deceit was practiced. That was a question for the jury, and, in view of the rule announced in the Parks Case, supra, the court erred in excluding the testimony. Mrs. John Trunick was also offered as a witness, but her husband was one of the beneficiaries, and her testimony was incompetent under section 606 of the Civil Code of Practice. While Mrs. Baker was one of the beneficiaries, she was not testifying on this point concerning a transaction with the decedent but concerning a transaction between the decedent and the defendant's agent. There is some evidence to the effect that the agent of the insurance company was informed several months before these applications were signed that

Mrs. Trunick had been in a hospital, and it is argued that his knowledge was knowledge of the company itself, and that it is estopped from setting up the false representations as a defense. This contention is without merit, since it is not claimed that the agent knew anything concerning the nature of the insured's illness when she was in the hospital, and mere knowledge on his part that she had been in a hospital was no notice to him or the company of the nature of the disease for which she had been treated. Furthermore, the only witness on this point was Mrs. John Trunick, whose testimony, as we have seen, was incompetent.

Counsel for appellee argues that the applications were printed in type smaller than brevier, and that, therefore, under section 679, Kentucky Statutes, the applications were inadmissible in evidence. The policies here involved did not contain any reference to the applications of the insured, and section 679 therefore has no application to them. Metropolitan Life Insurance Company v. Taylor's Administrator, 219 Ky. 549, 293 S. W. 1061; Western & Southern Life Insurance Company v. Weber, 183 Ky. 32, 209 S. W. 716.

John Trunick and Mrs. Eva Baker were the children and heirs at law of Celesta Trunick. They were permitted to testify as to their mother's physical appearance before and after the applications were signed and as to what her physicians told her and failed to tell her. These matters constituted a transaction between the witness and the decedent within the meaning of section 606, subdivision 2 of the Civil Code of Practice, and the testimony of John Trunick and Mrs. Eva Baker was incompetent and should have been excluded. Penick v. Metropolitan Life Insurance Company, 220 Ky. 626, 295 S. W. 900; Equitable Life Assurance Society v. Bailey, 203 Ky. 339, 262 S. W. 280, 39 A. L. R. 160; Kentucky Utilities Company v. McCarty's Administrator, 169 Ky. 38, 183 S. W. 237; Barnett's Administrator v. Brand, 165 Ky. 616, 177 S. W. 461.

In instruction No. 1 the court told the jury that they should find for the plaintiff, unless they believed from the evidence that, at the time the two applications were signed by the decedent, she was asked certain questions, and that her answers to these questions, or any of them, were in the negative, in which event they

should find for the defendant. The following qualification was then added to the instruction:

"Unless you further believe from the evidence that James Young Allison, the agent of the defendant company, had notice or knowledge at the time of the taking of said applications that the said insured, Celesta Trunick, had within a reasonable time prior thereto been confined in a hospital for treatment; in which latter event the law is for the plaintiff, Ben J. Johnson, the administrator of the estate of Celesta Trunick."

This was error, since, as stated above, there was no evidence of any knowledge on the part of the agent which would charge the company with knowledge of the falsity of the representations contained in the applications.

Whether or not the verdict is flagrantly against the evidence is not determined.

The motion for an appeal is sustained, the appeal granted, and judgment reversed for further proceedings consistent herewith.