# Metropolitan Life Insurance Co. v. Johnson.

(Decided Nov. 17, 1933.)

(Rehearing Denied Jan. 12, 1934.)

BRUCE & BULLITT and R. LEE BLACKWELL for appellant.

ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

On December 15, 1924, the Metropolitan Life Insurance Company issued two policies for $200 each upon the life of Celesta Trunick, a midwife by profession, who died intestate a resident of Louisville, Ky., on May 15, 1925.

The insurance company having denied liability upon the policies because of alleged material false statements contained in the written applications, alleged made by her as inducement to issue the policies, Ben J. Johnson, as the duly qualified administrator of Celesta Trunick's estate, brought this action to recover the amounts of the policies.

Four trials have been had in this action in the lower court, wherein three judgments have been rendered in favor of the plaintiff, and this is the third appeal prosecuted by the appellant insurance company seeking our review and reversal thereof. The opinions on the two former appeals are reported in 229 Ky. 173, 16 S. W. (2d) 759, and Id., 246 Ky. 240, 54 S. W. (2d) 917. In the first opinion will be found a full statement of the facts of the case.

Upon the first trial of the action, the lower court sustained the defendant insurance company's motion

for a peremptory instruction, but later sustained plaintiff's motion for a new trial, and set aside the verdict returned and the judgment rendered thereon in that hearing, to which defendant objected and excepted, and then filed its bills of exceptions and evidence. Upon the second trial, "the court overruled defendant's motion for a peremptory instruction and instructed the jury to find for plaintiff the amount of the policies, unless it believed that the alleged false statements [setting them out] were made by the insured, in which event the verdict should be for defendant, unless, further, that the jury should believe from the evidence that the agent of defendant made the statements therein without asking insured anything with reference thereto, and that she signed the applications without reading them or having them read to her, in which latter event the jury was instructed to find for plaintiff. In other words, the instruction submitted to the jury facts in avoidance of the statements contained in the applications, as constituting either a waiver by defendant or an estoppel against it arising through the fraudulent conduct of its agent in inserting the alleged false statements in the applications, without any pleading relying upon any such avoiding facts, and which in effect was a holding that they could be proven by plaintiff and he obtain the benefit of them under a general denial that the statements were made by his decedent, notwithstanding it was admitted that she in a recognized legal manner subscribed her name to the applications containing them." 229 Ky. 173, 16 S. W. (2d) 759.

The judgment in favor of the plaintiff secured under this instruction was reversed on the appeal therefrom, because it was not pleaded by the plaintiff that the alleged false statements made by the assured in the applications for the policies were made through the fraud of the agent of the insurance company, which was relied upon by plaintiff in avoidance of the insurance company's defense, the opinion holding that, as the avoiding facts relied on by the plaintiff constituted, in effect, a waiver by or an estoppel against the insurance company, it was necessary to plead the waiver and estoppel before testimony could be admitted to establish them.

Upon the return of the case to the lower court for

a third trial, the plaintiff filed an amended reply, in which he alleged, in substance, "that the agent and medical examiner of the insurance company knew that the applications contained the question set out in defendant's answer in regard to condition of health, cancer, care of physicians, and treatment in hospitals, and that they fraudulently concealed from the insured the fact that these questions were in the applications, and that they fraudulently represented to her that all that was necessary for her to do was to sign the applicatoins, and that they neither asked her the questions contained in the applications nor read them to her nor had her to read them, and that her signature to the applications was obtained by the fraud of the agent in concealing from her the questions contained therein."

Upon the trial, the jury again returned a verdict in favor of plaintiff, and the defendant company again filed transcript of record in this court, accompanied by a motion for an appeal.

Upon the granting of the appeal, the appellant insisted that the trial court erred in overruling defendant's motion for a peremptory instruction, because it argues (1) the policies expressly provided that they should be void "if * * * the insured * * * has within two years before date hereof been attended by a physician for any serious disease or complaint"; and because (2) it was conclusively shown that there were misrepresentations in Celesta Trunick's applications which were both material and fraudulent.

This court in its opinion given upon this second appeal, in answering and disposing of this first argument, said:

"It was shown without contradiction that Celesta Trunick was attended by at least three physicians within six months before the date of the policies, and that she was treated by them for cancer. Whether or not the provision of the policies invalidating them if the insured within two years prior to their date had been attended by a physician for a serious disease constitutes a valid defense to the policies when the proof shows that the insured had been attended by a physician for a serious disease within such two-year period cannot be considered, since this provision was not relied upon in the court below, and there is no pleading

setting up those facts as a defense. The only defense asserted in the lower court was that the insured made false and material statements in the applications signed by her." 246 Ky. 240, 54 S. W. (2d) 917, 918.

Therefore the sole question presented for determination was "whether or not any facts were shown which relieved the plaintiff from the binding effect of Celesta Trunick's signature to the applications which contained the misrepresentations."

The court further in this its second opinion held that the evidence of Mrs. Eva Bake⁻, a daughter of Celesta Trunick, that she was present when the medical examiner, Dr. Thum, came to her home and requested her mother to sign the application, but that he did not ask her mother any questions concerning her health, her treatments by physicians, or her presence in any hospital, and did not read to her the statements contained in the application, but merely requested her to sign the application, which she did by making her mark, was competent, and that the trial court erred in excluding it from the jury, as it was a question for the jury to decide whether, under the rule announced in the therein quoted Parks Case (Provident Life & Accident Ins. Co. v. Parks, 238 Ky. 518, 38 S. W. [2d] 446), this excluded evidence showed the practice of such artifice or deceit upon her, in securing her signature thereto, as to estop it from relying upon its false statements as a defense.

In the opinion it was further held that the testimony of Mrs. John Trunick, whose husband was one of the beneficiaries, and of Mrs. Eve Baker, also a beneficiary, was incompetent as it dealt with the deceased's (Celesta Trunick's) physical appearance before and after the applications were signed, and as to what her physicians told her and failed to tell her as to her health condition. These matters testified to by John Trunick and Mrs. Eva Baker, children of the deceased, constituted, it was held, a transaction between the witnesses and the decedent within the meaning of section 606, subd. 2, of the Civil Code of Practice, and as such were incompetent, as was also the testimony of Mrs. John Trunick, wife of the beneficiary John Trunick, to be excluded, as being the incompetent testimony of a wife

for her husband within the meaning of the prohibitory provisions of section 606 of the Civil Code of Practice.

This third judgment recovered in the trial court by the plaintiff, and again appealed from, was reversed upon the appeal because of error made in the court's instruction. The lower court by its instruction told the jury that they should find for the plaintiff "unless they believed from the evidence that, at the time the two applications were signed by the decedent, she was asked certain questions, and that her answers to these questions, or any of them, were in the negative, in which event they should find for the defendant," to which the following qualification was then added:

"Unless you further believe from the evidence that James Young Allison, the agent of the defendant company, had notice or knowledge at the time of the taking of said applications that the said insured, Celesta Trunick, had within a reasonable time prior thereto been confined in a hospital for treatment; in which latter event the law is for the plaintiff. * * *"

This instruction was held erroneous upon the ground that there was no evidence of any knowledge on the part of the agent, Allison, as was previously discussed and stated in the opinion, which would charge the company with knowledge of the falsity of the representations contained in the applications, and therefore for such error the judgment, upon the second appeal, was reversed.

These opinions of the court rendered upon these two former appeals here constituted the controlling law of the case upon this appeal, not only as to the matters stated in the opinions, but also as to every matter brought before the court on the appeals and properly presented for adjudication. New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443, 172 S. W. 914; Harcourt & Co. v. Redmon, 149 Ky. 612, 149 S. W. 938; Brooks v. City of Maysville, 151 Ky. 707, 152 S. W. 788; Wall's Ex'r v. Dimmitt, 141 Ky. 715, 133 S. W. 768; Samuels & Co. v. Gilmore & Co., 142 Ky. 166, 134 S. W. 169.

The appellant insurance company, upon the present or third appeal granted it, argues, in support of its contention that the lower court's judgment rendered against it should be again reversed, that (1) it was en-

titled to a peremptory instruction because (a) Celesta Trunick's representations were false and material, and (b) the circumstances under which they were made do not excuse the beneficiaries from the binding effect of the insured's signature to the representations; (2) that the court erred in refusing to allow the appellant's amended answer to be filed, which was tendered after the last appeal; (3) that the court erred in its instruction given the jury with respect to what would avoid the vitiating effect of Celesta Trunick's misrepresentations in her application; (4) that the court erred in refusing to give the jury instruction No. 2 offered and requested by appellant; (5) that the court erred in permitting Eva Baker, a beneficiary, to testify concerning transactions between the decedent and its medical examiner, Dr. Thum, on the occasion of her medical examination for the insurance; and (6) that the verdict was flagrantly against the evidence.

We will now address ourselves to the consideration and disposition of the third of these assigned errors, wherein the appellant insists that the court erred in its instruction given the jury, for the reason, it contends, that the instruction as given by the court was prejudicially erroneous in its use and employment of the name of its agent Allison instead of that of its medical examiner, Dr. Thum, and further in submitting to the jury the question of the "good faith" of the insured in signing the applications. The complained of instruction as given by the court directed the jury that:

"The law of this case is for the plaintiff * * * and you will so find, unless you believe from the evidence that the deceased, Celesta Trunick, made answers to the questions contained in said application for insurance which were false and untrue, in which event the law is for the defendant * * * and you will so find, unless you further believe from the evidence that at the time said application was presented to the deceased, Celesta Trunick, she signed said application in good faith by making her mark thereon at the request of James Young Allison, the agent of the defendant, Metropolitan Life Insurance Company, and without knowledge on her part of the questions and answers contained in said application, in which latter event the law is for the plaintiff * * * and you will so find."

The learned counsel for appellant most insistently urges that the court committed a grievous error in directing the jury to find for the appellant unless they believed that the insured had signed the applications "in good faith" at the request of Allison, the agent of the defendant, instead of its medical examiner, Dr. Thum; that the court by the instruction as given specified the occasion that the agent Allison obtained Mrs. Trunick's signature to part A of the application, which it contends did not contain the misrepresentation relied on by it, and excluded or omitted to specify the occasion, some three weeks later, when her signature was obtained by its medical examiner, Dr. Thum, to part C of the application, which did contain the misrepresentations relied on for defense by it; that, by reason of such error, the jury might well have believed that, even though the medical examiner had inquired of Mrs. Trunick as to every matter represented in part C of the medical examination of the application while its agent Allison had previously failed to ask about any matter mentioned in part A thereof, yet, notwithstanding the jury's so believing, or that such misrepresentation was made as to the medical examination, they would yet have been required under the instruction as given to find for the administrator. On the other hand, appellee by counsel is equally insistent that the trial court did not err in the instructions through the fact of its putting in the name of the soliciting agent Allison rather than or to the exclusion of that of its medical examiner, Dr. Thum, as such omission could not have resulted in affecting and confusing the minds of the jurors, as they had heard the evidence and knew that the putting in of Allison's name was mere "surplusage."

Further, the appellant contends that the instruction was erroneous, as stated, in leaving to the jury the question of Mrs. Trunick's signing the application "in good faith," as there was nothing to submit to the jury with respect to her good faith, as it argues the evidence shows she knew the purpose of the applications, and the purpose of Dr. Thum's visit; that she knew her condition of health, and knew that all the summer she had been under the attendance of physicians and had been in the hospital only a few weeks before for treatment of her condition, all of which was inconsistent with good faith but on the contrary tended to show only bad faith

on the part of the signing applicant, as it was her duty not only to speak truly but also not to conceal the truth as to these matters, as "a false impression may consist in the concealment of what is true as well as in the assertion of what is false." Again, on the other hand, the appellee is equally emphatic in his contention that there was no evidence of bad faith shown by the insured's signing the application under the circumstances testified to, but, on the contrary, that the evidence is most ample in showing circumstances and facts manifesting "good faith" on the part of decedent when signing both parts of the application.

The appellant undertook to show by the testimony of its soliciting agent James Young Allison that the insured had made false answers to the questions asked her in part B or A of the application taken by him, and also to show that she had given alike false statements to its medical examiner, Dr. Thum, in respect to her having never had cancer or other tumor, or having never been under the care of any physician within three years of the date of her application nor under treatment in any hospital, and relied for its defense to the action upon such alleged misrepresentation as to material facts made by the insured to both its soliciting agent and its medical examiner. Inasmuch as it would result that, were the insured shown to have secured the policies by reason of having made either to the soliciting agent or medical examiner false and material representations or representations untrue and fraudulent, whether material or not, the insurance contract would be so invalidated as to defeat recovery thereunder, we are of the opinion that the court prejudicially erred in denying to the appellant the benefit, by its instruction as given, of the defense relied on by appellant that such untrue and fraudulent representations as to the insured's condition had been made by her, in her application to its medical examiner, Dr. Thum, and that the instruction, in limiting its defense to the alleged misrepresentations specified as occurring only upon the occasion that its agent Allison obtained the insured's signature to the application, was by reason of such unwarranted restriction in its defense substantially prejudicial to the appellant, for which we feel constrained to reverse the judgment recovered under the instruction.

The appellant further contends that the lower court

further erred and abused its discretion in refusing to allow it to file the amended answer tendered by it in the lower court after the last appeal, and contended that this court had overlooked the condition of the record in holding that it had no pleading setting up those facts or provisions of the policy as a defense. As to this, the opinion held, not only that such defense was not pleaded, but that "the only defense asserted in the lower court was that the insured made false and material statements in the applications signed by her." In view of the declared practice as announced in the case of Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, being against appellant's contention, that under section 134 of the Civil Code of Practice, it had the right to inject a new issue into the case, by filing, upon this fourth trial, an amended answer pleading the invalidating facts of the policy, we are of the opinion that the court did not err in refusing to allow it to be filed.

In view of the conclusion we have reached, that there should be a reversal of the judgment by reason of the prejudicial error made in the instructions as given, we deem it unnecessary to here further discuss or decide all the other questions presented by the appellant's assignment of errors, nor are same to be considered as herein determined.

The motion for the appeal is sustained, the appeal granted, the judgment reversed for further proceedings consistent herewith.