## Sun Indemnity Co. of New York v. Hulcer.

(Decided Dec. 1, 1933.)

WALTER E. HUFFAKER and LUKINS & JONES for appellant. DODD & DODD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 10, 1930, the appellee and plaintiff below, Eva Louise Hulcer, a young lady then 24 years of age, procured from the appellant and defendant below, Sun Indemnity Company of New York, a sick benefit or indemnity policy, wherein it obligated itself to pay to her certain specified sick benefits for named periods, provided the effects of the ailments contracted after the issual of the policy were of the nature and to the extent set out therein. The premium was collected by defendant, and the policy was in full force and effect at the times that the ailments herein complained of occurred and throughout the period of their endurance. Claiming that she was entitled to be paid under the terms of her insurance the total sum of $1,590, she filed this action in the Jefferson circuit court to recover it of the defendant, who had previously denied liability therefor, or for any part of it. Defendant's answer to the petition was a denial of some or all its material allegations, and in a separate paragraph it relied on alleged material and false representations made by plaintiff in her application for the policy, and but for which neither it nor others engaged in like business would have accepted the risk or issued the policy. Plaintiff's reply as amended denied that defense, and also averred, in avoidance thereof, that defendant's agent who solicited the policy, and who took the application therefor, himself wrote all the answers to all the questions therein, after having first interrogated her upon the matters inquired about in the application, and during the course of which he made notations on a piece of paper which he carried away with him, as he also did the blank application which he requested plaintiff to sign, and which she then and there did, he later writing in the answers to the questions from the notations that he made upon the occasion of plaintiff signing the blank application. According to her testimony, she truthfully answered the question of which defendant complains in the second paragraph of its answer, and she alleged that, if the answer thereto (as it appears in her application) was not sufficiently broad to cover the entire scope of the question, it was because defendant's agent failed to so construct it when he wrote it into the application, and not because of any failure on her part to divulge to him the facts, and because of which defendant was estopped to rely upon such defense. The question, the answer to

which defendant relied on as being fraudulent, material, and false, is No. 29 in the application, and is in these words: "Have you within the past 5 years had medical or surgical advice or treatment or departure from good health? If so, state when and what, and duration." The answer thereto, as written in the application by the agent who procured it, was and is: "August, 1927—appendicitis—twenty-nine days—Radical Cure—Operation."

It was alleged in the referred to paragraph of the answer that plaintiff had within the past five years received medical or surgical advice and treatment, and that the answer made in the application was fraudulent and materially false, in that it limited such professional services to the one occasion of her operation for appendicitis, and thereby concealed the other medical services inquired of and which she received during that period. Without going into the details of the testimony, we deem it sufficient for the purposes of this hearing to say that plaintiff in her testimony substantiated the averments of her reply as amended, and she was corroborated to some extent at least by other witnesses in the case, some of whom were professional. The substance thereof was that, following the operation for appendicitis, plaintiff contracted a severe cold, and it was followed by some muscular pains between her shoulders of, perhaps, a rheumatic nature, and that a physician with whom she was well acquainted advised that she take a short rest from her labors, and he suggested the best place therefor was a hospital, where she went for some days, but received no treatment, except for the alleviation of her rheumatic pains, and that all the while she was physically able to be up and about but for the fact she was taking the rest suggested by that physician. In giving her testimony relative to the defense now being considered, she said:

"I told him I had been going to doctors for colds and various ailments, but I had not been disabled from working. He said 'I don't mean that, Eva.' I said 'In January of 1927 Dr. Owen advised me to take a rest.' He said 'Did you have any treatment?' I said 'No, I was just resting, and Dr. Owen came to see me.' He said, 'I don't mean that.'"

Afterwards he formulated the answer that is now contained in the application and which her counsel con-

tends is not binding on her because, if it were false, it was made so by the defendant's agent after receiving from plaintiff the true and correct one which she stated to him at the time. The sacroiliac trouble with which plaintiff became afflicted, and for the results of which she seeks compensation in this action, developed long after the hospital rest to which she testified, and it is substantially shown by the testimony that it was not produced by any affliction occurring prior to its appearance. The court submitted to the jury in concise and appropriate language the issue so presented, and upon which evidence was given, and it returned a verdict in favor of plaintiff for the sum of $1,013. Defendant's motion for a new trial having been overruled, it prosecutes this appeal, urging by its counsel that defendant's agent in taking the application for plaintiff's policy was a mere soliciting one, and had no authority to either waive incorrect answers to the questions propounded therein or to insert therein incomplete answers by which the actual facts were concealed, and for which reason defendant's tendered motion for a peremptory instruction in its favor should have been given, notwithstanding the jury might believe that the agent played the part in procuring the application in the manner that we have hereinbefore outlined.

It will be observed that the agent in this case, notwithstanding he may have been only a soliciting one, was the only individual intrusted by defendant to procure from plaintiff her application. When so done by him, it became a finished initial step looking to the issuance of the policy, and no one else representing defendant took any part therein. Necessarily, under such circumstances, he was vested with all the authority necessary to complete that job, and which partook of, at least, the nature of general authority for that purpose, since no one else was delegated by the defendant to perform it, and for which reason the plaintiff had the right to deal with him as a general agent for the performance of that particular duty.

We are aware that there exists considerable confusion in the opinions of courts as to the scope of the authority of insurance agents, including imposed limitations on strictly soliciting ones, and that confusion pervades the opinions of this court, but in the recent case of Connecticut Fire Ins. Co. v. Roberts, 226 Ky.

534, 11 S. W. (2d) 148, the question was gone into at some length, and a great number of prior opinions of this court were referred to and discussed. It was our final conclusion in that opinion that, with reference to matters occurring prior to the issuance of the policy, the insurer is bound by the apparent authority with which it invests its agent, unless limitations thereon were known at the time to the insured. Domestic cases substantiating that conclusion will be found cited in that opinion, and there are a number of others to the same effect but which we deem it unnecessary to catalogue. Following that conclusion as the prevailing rule upon the subject in this jurisdiction, it will at once appear, as we have hereinbefore stated, that the soliciting agent in this case was vested with apparent authority to accept and submit to his principal the application as it was actually filled out, and that plaintiff would not be responsible for any errors or false answers therein, unless she herself was guilty of fraud, or possessed knowledge of limitations upon the agent's authority in that respect. It seems to be conceded (but, if not so, it is thoroughly established) that plaintiff possessed no knowledge of any limitations on his authority at the time her application was taken.

But counsel for defendant relies on a clause in the face of the policy that was subsequently issued, saying: "Neither notice given to, nor the knowledge of any agent, or any other person, whether received or acquired before or after the date of this policy, shall be held to waive any of the terms or provisions or statements of this policy or to preclude the Company from asserting any defense under the said terms, provisions, or statements, unless set forth in an endorsement added hereto and signed by the president or secretary."

The argument does not meet the issue as we view it. The limitation so relied on is found only in the policy, and, if it could be said that plaintiff was bound thereby from the time she received the policy, even though the excerpt therefrom was not read by her and of which she possessed no actual knowledge, it would still be ineffectual for the purposes contended for, since plaintiff possessed no such information, either actual or constructive, at the time her application was taken by defendant's agent.

It necessarily follows that the court properly sub-

mitted the issues to the jury, and that its verdict in favor of plaintiff was and is supported by sufficient evidence. Wherefore the judgment is affirmed.