## Berkshire Life Insurance Co. v. Goldstein.
## Same v. Goldstein et al.

(Decided April 26, 1935.)

KENDRICK R. LEWIS, RICHARD B. CRAWFORD and SHACKELFORD MILLER, Jr., for appellant.

WALTER S. LAPP and CHARLES LEIBSON for appellees.

Opinion of the Court by Judge Thomas—Affirming.

On August 4, 1931, the appellant and defendant below, Berkshire Life Insurance Company, executed and delivered to Florence Goldstein a policy on her life for the sum of $3,000, with her husband, Dave Goldstein, the appellee and plaintiff · below, and their two infant children as equal beneficiaries. On November 11 thereafter it issued and delivered to her another policy on her life with her husband as sole beneficiary therein. On July 27, 1932, she died and these two separate actions against defendant were filed in the Jefferson circuit court by the beneficiaries therein to recover the respective amounts of the two policies. They were tried together in the lower court and the jury to whom the issues were submitted returned a verdict in favor of plaintiffs in each of them, followed by judgments against defendant, which the court declined to set aside on its motion for a new trial, and complaining thereof it prosecutes this appeal.

The same defense was made in each case and it was, that the policies were obtained from defendant through fraud practiced on it by the insured, Florence Goldstein, in that she made false, fraudulent, and material answers in her applications for them and but for which defendant, following the usual course of others engaged in similar business, would not have accepted the risk. Some of those alleged false answers related to misrepresentations as to consultation with physicians, misrepresentations as to prior afflictions, one of which was cancer of the breast, and concealment of the removal of her left breast as a result of an operation therefor. In reply to that defense, it was averred that the insured at the time each application was taken answered fully and truthfully every question propounded to her, and that at each time defendant's examining physicians, and its agent through whom the policies were obtained, were fully informed as to the operation whereby the left breast of the insured was removed and that they were shown the scar produced thereby and were also informed as to the surgeon who performed the operation. It was also averred that the alleged false answers in the application relied on in defense of the actions were made and written into the applications by the examining

physician without ever having inquired of the insured concerning such matters—she at the time being illiterate and unable to read English and not being able to write it, except her name which she attached to each application. Such allegations were controverted by rejoinder.

The court submitted the issues as thus made with the result as above indicated and which demonstrates that the jury found that the alleged false answers in the applications were not made by the insured, but inserted therein by the examining physician in the presence of defendant's agent without the consent or knowledge of the insured, and because of which it was estopped to rely thereon under the doctrine announced by us in the cases of Provident Life & Accident Insurance Co. v. Parks, 238 Ky. 518, 38 S. W. (2d) 446, Metropolitan Life Insurance Co. v. Trunicks, 246 Ky. 240, 54 S. W. (2d) 917, Sun Indemnity of New York v. Hulcer, 251 Ky. 484, 65 S. W. (2d) 471, and others referred to in those opinions.

On this appeal counsel for defendant argue a number of alleged errors as grounds for reversal of the judgments, chief among which are: (1) Error of the court in overruling defendant's motion for a peremptory instruction; (2) error in failing to properly instruct the jury; and (3) the verdict is flagrantly against the evidence, each of which will be disposed of in the order named; but before doing so, we will make a brief outline of the substantial facts as proven at the trial. The insured was a native of Poland, and not long after arriving in this country and while she was yet quite young, she married the plaintiff and appellee David Goldstein. A short while prior to June, 1930, there appeared a lump in her left breast, following which a number of noted physicians and surgeons in the city of Louisville were consulted, among whom was Dr. Oscar Bloch. Each of them diagnosed the appearing lump as cancerous, but neither of them imparted such information to the insured, although they did inform her husband thereof. Closely following such examinations, Dr. Bloch performed the operation by removing that breast, and for more than one year thereafter the patient appeared to be relieved of the trouble. During that time the policies were obtained, but some time in the early part of the year 1932, unfavorable symptoms developed which upon examination proved to be a return of the cancerous affliction with its seat in certain parts of the

patient's vertebra. Such subsequent examinations also developed that plaintiff's entire system was inoculated with the malignant virus and which satisfied the physicians that her case was hopeless. However, as we have seen, the policies had each then been obtained.

A short while after the second policy was issued the examining physician who had taken the application learned for the first time, as he testified, of the removal of the cancerous breast by Dr. Bloch, and which information he imparted to defendant. It then tendered to the insured the premiums she had paid with accumulated interest and demanded a surrender of the policies for cancellation, which was refused. That action on its part was an announcement that the policies would be contested in case of loss and the insured with her husband took the necessary steps to perpetuate her testimony de bene esse. In her deposition taken pursuant thereto she testified fully sustaining the waiver and estoppel pleaded in the replies. Her husband corroborated her as did also a colored nurse, some fourteen or fifteen years of age who was shown to be present at the time, the examination in each case being made in the small room back of the tailor shop of Dave Goldstein in which humble quarters the couple resided. The testimony of those witnesses was, of course, contradicted by that of the agent and of the examining physician, the latter of whom said that although he made the necessary tests of the heart action of the insured he never discovered that the breast covering the location of the heart had been removed; and which brief recitation of the testimony brings us to a consideration of the grounds relied on for reversal.

1. From the foregoing outlining of the testimony, it will be seen that on the issue of the only defense interposed (i. e., that of fraud committed by the insured through false answers and misrepresentations in her applications), there was a contrariety of testimony with two witnesses supporting the defense and denying the pleaded waiver and estoppel, while three witnesses contradicted the defense and supported the waiver and estoppel relied on in the reply. In such circumstances, it would hardly comport with established rules of practice for us to say that the verdict was flagrantly against the evidence, much less to hold that defendant's motion for a peremptory instruction on that issue should have prevailed. It is true that the outline of the facts and

the general background to the case are more or less persuasive that the parties were anxious to procure the insurance and that in an effort to do so they might have falsified their testimony. But such considerations have always been given no greater weight than to affect the creditability of the witnesses. Such circumstances are scarcely ever so overshadowing in their weight as to justify a court in absolutely ignoring the positive testimony under consideration. Moreover, the fact that the examining physician failed to discover the removed breast of the insured while examining her for the purpose of submitting his report to defendant is a circumstance affecting the creditability of his testimony. We, therefore, conclude that the testimony on the only defense interposed can be considered in no greater light than to cast a suspicion or doubt as to the avoidances relied on by plaintiffs in response thereto. It, therefore, follows that ground (1) cannot be sustained and from which it also follows that ground (3) is unavailable and it will not be further discussed.

2. In support of ground (2) it is argued that the proven facts are sufficient to defeat recovery for two reasons: (a) That if the applications were filled out and made as testified to by plaintiffs' witnesses, then they show a fraudulent concealment of the facts by the husband of the insured who was cognizant of them, as we have shown, and who was one-third beneficiary in one of the policies and the only beneficiary in the other one, and (b) that in such circumstances the proof also established the defense of a fraudulent collusion to defraud defendant, entered into between the insured and her husband, and the representatives of the company present at the time of the making of the examinations (the agent and the examining physician), and that under the doctrine approved and applied by us in the case of Commonwealth Life Insurance Co. v. Spears, 219 Ky. 681, 294 S. W. 138, and by the Supreme Court of the United States in the case of Mutual Life Insurance Co. of New York v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202, the requested peremptory instruction should have been given. The facts and circumstances developed by the testimony are such as to have, at least, required the submission of those issues to the jury (if not to call for the giving of a peremptory instruction), if such defenses had been relied on by any appropriate pleading of defendant. In the Spears Case,

and others of like tenor, the fraudulent collusion relied on therein was expressly pleaded in defense of the action, and wherever fraudulent concealment is an available defense in such actions, it is also expressly pleaded and relied on. But in this case, as we have seen, the single and sole defense interposed in each case was fraud practiced by the *insured* in the answers *she* made, or is alleged to have made, in her applications. Conceding that the proof was sufficient to have rendered defenses (a) and (b), supra, available to defendant, yet we are admonished by an invariable rule of practice that proof without pleading is as unavailable as is pleading without proof, when the pleading is put in issue.

Moreover, if defenses (a) and (b) were properly pleaded, no instruction on either of them was offered by defendant, and those they did offer and the ones given by the court were directed solely to the only pleaded defense, supra. Defendant may not therefore complain of the failure of the court to submit either of the defenses (a) or (b) referred to, since it is the duty of a litigant in a civil case to submit the issue relied on by him in an instruction tendered or requested of the court, and if not done, though properly presented by the pleading and sustained by the proof, will be considered as abandoned.

This case has received our most careful consideration because of earmarks of fraud appearing in the record, but for the reasons stated we have been unable to find any approved ground upon which to disturb the judgment. Wherefore, they are each affirmed; the whole court sitting.