## Jones et al. v. Sanders et al.

Nov. 29, 1940.

Marlin L. Blackwell, Judge.

572

Pentecost & Dorsey and R. Miller Holland for appellants.

Henson & Taylor and Rumsey Boggess for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

This action in ejectment was instituted by the appellee, Mrs. Josie Birk Sanders, against T. C. Jones to recover one acre of land located on Green River in Henderson County described as follows:

"Beginning where the line to the land belonging to the Clinger estate intersects the line of low water on Green River; running thence with said low water mark 109 feet west to the line of L. P. Birks' land (known as Channy Tract), deeded to him by the Henderson County Court; thence with said line south 400 feet to usual high water mark; thence east 109 feet to the line of the Clinger land, and thence along said line north 400 feet to the beginning, containing about one acre."

Both plaintiff and defendant alleged title through their respective deeds and by fifteen years adverse possession, and each pleaded the other was guilty of champerty by reason of having accepted a deed to the property when the other was in possession thereof claiming title. Neither plaintiff nor defendant proved title back to the Commonwealth, nor to a common grantor, and as neither had a paramount paper title, each relied upon adverse possession.

The jury returned a verdict in favor of Mrs. Sanders, and Jones advances four grounds to reverse the judgment entered thereon: 1. The court should have given him a peremptory instruction as the land claimed by Mrs. Sanders was neither actually enclosed nor the exterior boundary lines so marked that it could be identified from its description. 2. The instructions given were erroneous. 3. The instructions failed to define "adverse possession." 4. The court failed to instruct on "champerty".

There was considerable evidence heard by the jury, a great part of which was conflicting, and it is admitted by both parties that there was sufficient evidence introduced on each side to support a verdict that either the plaintiff or the defendant had been in adverse possession of the disputed acre for more than the statutory period. Hence it is not necessary to review the evidence, and but scant reference will be made thereto.

We cannot agree with the defendant that Mrs. Sanders did not meet the rule laid down in Young v. Pace, 145 Ky. 405, 140 S. W. 555, that she must prove her title to a well defined or marked exterior boundary. Jones and his witnesses testified the eastern boundary of this land had been fenced for many years. Mrs. Sanders and her witnesses testified that the eastern boundary thereof was not fenced but it was the Mason Ferry Road. The northern boundary was Green River at low water mark. The land does not appear to be enclosed on the west or on the south, but the deed to Mrs. Sanders describes the beginning at a definite point on Green River "running thence with said low water mark 109 feet west to the line of L. P. Birks' land (known as Channy Tract), deeded to him by the Henderson County Court; thence with said line south 400 feet to the usual high water mark; thence east 109 feet to the line of the Clinger land, and thence along said line north 400 feet. to the beginning." Certainly, these calls in Mrs. Sanders' deed are well defined exterior boundaries and even one who is not skilled in the science of surveying could run them, therefore she proved a well defined boundary. Fordson Coal Co. v. Roark, 214 Ky. 247, 283 S. W. 106; Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961.

Mrs. Sanders obtained a deed to this land on June 12, 1924, and traced her paper title back to 1893 and proved continuous adverse possession in herself and her predecessors in title from 1870 until Jones wrongfully seized possession of the land a year or so before this action was instituted on October 19, 1938. Jones obtained his deed on February 18, 1922, and traced his paper title back to 1908 and proved continuous adverse possession in himself and his predecessors in title from 1908 until the present. The bill of exceptions shows the court on its own motion gave three instructions. Only the first was material as the second told the jury the form of the verdict, and the third instruction told it that nine

might find a verdict. Complaint is made of the first instruction because the court omitted the word "next" from the clause "and shall further believe from the evidence that said Mrs. Sanders and her predecessors in title have been in the actual adverse * * * possession of same for fifteen years or more prior to the 19th., day of Oct. 1938, then you will find your verdict for the plaintiff". While in the same instruction relating to Jones' adverse possession the jury were told in order to find for him they must believe his adverse possession must have been "for as long as fifteen years *next* before the 19th., day of October 1938, * * * claiming to a well marked and definite boundary".

It is argued for Jones that the jury could have found for Mrs. Sanders if they believed she or her predecessors in title were in the actual, continuous adverse possession of this property for *any fifteen years between 1870 and October 19, 1938*. We are not impressed by this argument for the reason that all the proof was directed to fifteen years continuous adverse possession immediately prior to October 19, 1938, and there was no evidence that there was any break in the possession of either party. Nor was Jones prejudiced by the instruction telling the jury his possession must be to a well marked and defined boundary, when that phrase was omitted from the part of the instruction dealing with Mrs. Sanders' possession. All the evidence shows Jones was claiming to a comparatively new fence with which he had enclosed this land, and that Mrs. Sanders was claiming the well defined boundary contained in the description in her deed. The omission of this phrase in the instruction relative to Mrs. Sanders' possession could not have been prejudicial to Jones under the evidence adduced. Evidently the court attempted to give the jury the same yardstick with which to measure the adverse possession of each litigant and his omission of the word "next", and of the phrase "well marked and defined boundary", relative to Mrs. Sanders' adverse possession, and incorporating them in the part of the instruction referring to Jones' adverse possession was but a typographical error which could not have confused or misled the jury and was not prejudicial to Jones.

Defendant's contention that the court erred in not giving an instruction defining "adverse possession"

and in not instructing on "champerty" is easily and quickly answered. Although the trial judge gave the instructions on his own motion, yet it was not his duty to give the whole law of the case, but only to properly instruct on the issues attempted to be covered. In civil cases the court is not required to instruct upon any issue unless request is made in the form of a written instruction offered upon the specific point; otherwise, a failure of the court to comply with a request to give an instruction will not be reviewed on appeal, Stanley's Instructions to Juries, Sections 13 and 8; Prudential Insurance of America v. Sisson, 276 Ky. 506, 124 S. W. (2d) 739; Rockcastle County v. Bowman, 274 Ky. 787, 120 S. W. (2d) 385; City of Hazard v. Adkins, 263 Ky. 398, 92 S. W. (2d) 353; Berkshire Life Ins. Co. v. Goldstein, 259 Ky. 451, 82 S. W. (2d) 501.

The judgment is affirmed.