## Cunningham et al. v. Employers Mut. Fire Ins. Co. Of Wausaw, Wis.

June 13, 1950.

D. L. Wood, Judge.

M. Hargett and Philip Hargett for appellants.

D. Bernard Coughlin and Stoll, Keenon & Park for appellee.

Morris, Commissioner—Reversing.

Appeal is prosecuted from a judgment sustaining a demurrer to and dismissing plaintiff's petition as amended. The petition first filed by Cunningham sought to recover $1,207 for damage to an automobile which was accidentally driven off the highway and practically demolished. In his petition he sets out the terms of the policy, which was apparently a complete coverage contract, with a $50 deductible clause, for which he says he paid a premium of $32.00.

The petition did not allege that the car was owned

by plaintiff at the time of issuance of the policy. This brought from defendant a special demurrer based on the ground that the petition failed to show that fact. Before the special demurrer was considered by the court defendant filed answer, first denying the material allegations of the petition, then pleading affirmatively that the policy mentioned in the pleading was founded upon and issued in consideration of the correctness of the statements of the insured contained in the policy, one of which was that the insured represented himself to be the owner of the insured car. It was then alleged that at the time the policy was issued plaintiff was not the real owner.

It then pleads that the declaration made by the insured, relied upon by it, was material to the risk; that the policy was issued by reason of the declaration. It was then specifically alleged that plaintiff did not own and had no insurable interest in the automobile described in petition "at the time of the happening of the loss," but that the automobile was then and now the property of Elmer Tackett, who bought and paid for it. It asked that the petition be dismissed. The answer was traversed of record.

Following the filing of the answer Cunningham filed an amended petition, first asking that Elmer Tackett, an infant, be allowed to become a party and sue in the name of his father. The court allowed this to be done. The amended pleading alleges that at the time the policy was issued and delivered to plaintiff "it was agreed and understood between plaintiff Cunningham and plaintiff Tackett, and the defendant Employers Mutual Fire Insurance Company that the said automobile was to be bought for Tackett, and that title was to be taken in the name of Cunningham and the car was to be insured in the name of Cunningham for the use and benefit of Tackett."

It was then alleged that at the time the policy was issued Cunningham and Tackett executed a note and mortgage on the car to an acceptance or finance company, he, Cunningham, joining in the note and mortgage, because Tackett was under age; that, the finance company would not advance the money unless Cunningham joined in the assurance of payment, title to be put in Cunningham's name, "and the insurance policy was

issued and delivered to plaintiff Cunningham, for the use and benefit of plaintiff Tackett." All of which was done with the knowledge and consent of the defendant, and in accordance with an agreement between plaintiffs Cunningham and Tackett, and the defendant, insurance company. The defendant filed general demurrer to the petition as amended and it was sustained; plaintiff declined to plead further and the court adjudged that "this cause be dismissed," over objection with appeal granted.

There is nothing in the record which indicates the ground upon which the cause was dismissed. However, when we come to read the briefs of respective counsel, the ruling must have been based on an issue not in anywise presented by the pleadings, that is, on the ground that the act of an agent, not within the scope of his authority, will not waive any provision of a policy of insurance, because such act as is provided in the policy here does not bind the principal.

When we turn to brief for appellee we find it substantially stated that the question presented for our consideration is, where the local agent of an insurance company has knowledge of the condition of the title to the property insured, is the insurance company estopped to deny coverage for the reason that the named insured is not the sole owner of the property insured when the policy contains the provision that notice to any agent, or knowledge possessed by an agent shall not effect a waiver or change in any policy.

Both parties have directed their arguments on the sole question of the right of an agent to waive a provision of the policy and by his act bind the company, a question which has been before the court in a great number of cases, in the more recent decisions working a decided change in the older rule of liberality in construing insurance contracts where the issue was the authority or power of an agent to alter the contract and by his act bind his principal.

Appellant in brief cites numerous opinions from this court which tend to show the "modern trend," that is, that where the limitations of the agent's authority are set out, either in the policy or application, the insured is held to the notice that he cannot hold the insurer bound for acts of the agent beyond the limitation. As exemplifying this ruling appellee cites, Connecticut

Fire Ins. Co. v. Roberts, 226 Ky. 534, 11 S. W. 2d 148, and five or six opinions following the Roberts case, or adhering to the rule, the latest of such opinions being in Continental Casualty Co. v. Neikirk, 312 Ky. 578, 229 S. W. 2d 58.

Counsel for appellant have briefed the case along the same lines, that is on the question of the effect of the act of an agent which would serve to bind the insurer, citing cases, domestic and foreign, which advocated the older or less modern rule, yet dealing only with the question of the effect of an act of the agent which waived or tended to waive some term or condition of the contract of insurance.

The arguments presented to us do not, as we review the record, deal with what we take to be the real issue in the case, that is, whether or not the policy was issued to Cunningham with the knowledge and consent of the insurer, not its agent, that the policy paid for by Cunningham was issued to him under the agreement plead in the amended petition. The word "agent" does not appear in either the petition, amendment or answer; there is no allegation that there was any agreement with or act of the local agent, or that there was any attempt on his part to bind the Company to a waiver.

Since this is the situation presented we think that the petition as amended stated a cause of action, and the demurrer should not have been sustained.

Judgment reversed with directions to overrule the demurrer and for proceedings consistent herewith.