## EMPLOYERS MUT. FIRE INS. CO. v. CUNNINGHAM et al.

Court of Appeals of Kentucky.

Dec. 12, 1952.

D. Bernard Coughlin, Maysville, Stoll, Keenon & Park, Lexington, for appellant.

M. Hargett and Phil Hargett, Maysville, for appellees.

DUNCAN, Justice.

This is an action to recover on a collision insurance policy covering an automobile. The insurer defended on the ground that the named insured, Chester Cunningham, was not the sole owner of the car in question but that it was actually owned by Elmer Tackett. The defense was countered by the plea that at the time of the issuance of the policy the local agent knew that Cunningham was not the owner of the car and the company, therefore, was estopped to defend upon that ground. Trial was had before a jury and a verdict and judgment were rendered for appellee in the amount of $900. The sole question on the appeal is whether the company is estopped to deny coverage because of the knowledge of its agent respecting the ownership of the car.

The case was before this Court on a prior appeal, which is reported in Cunningham v. Employers Mutual Fire Insurance Company, 313 Ky. 276, 231 S.W.2d 45. On the first appeal, the case was here only on

the pleadings, and the question now presented was not involved.

Elmer Tackett, a nineteen-year old youth, desired to purchase an automobile. Because of his infancy, he was unable to execute the notes and chattel mortgage in connection with financing the purchase. To meet this situation, Tackett purchased the car and took title in the name of his brother-in-law, Chester M. Cunningham, both Tackett and Cunningham signing the notes for deferred payments.

John Higgins, local agent of the appellant insurance company, was contacted and fully informed of the arrangement by which title was taken in Cunningham's name. Higgins then made application for insurance, and the collision policy in question was issued in which it was recited that Cunningham was the sole owner of the car. No written application was signed by either Tackett or Cunningham. The policy contained this provision, upon which the company relies as avoiding the effect of the knowledge of its agent:

"Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed except by endorsement issued to form a part of this policy, signed by an executive officer of the company."

█ Previous opinions of this Court have pointed out that considerable confusion has existed in Kentucky as to the scope of the authority of insurance agents and the effect of limitation of authority provisions appearing in applications or policies of insurance. Some of the earlier opinions have indicated that limitations placed on the apparent authority of an agent would not be recognized or enforced. Other early opinions have held that the authority of an agent cannot be narrowed by limitations not communicated to the person with whom he deals. However, the great weight of authority has always been that an insured who knows of the limitations on the authority of an agent cannot rely on acts in excess of the actual authority. The modern trend of decisions in this State began with Connecticut Fire Insurance Company v. Roberts, 226 Ky. 534, 11 S.W.2d 148, in which for the first time it was held that where limitations on the agent's authority are contained in the application or policy the insured is charged with notice thereof and cannot hold the company bound for acts of the agent beyond such limitation. Subsequent opinions have consistently adhered to this rule.

In the Roberts case, the insured was relying on an attempted waiver by the agent of a provision against additional insurance notwithstanding a limitation of authority provision in the policy. Although dealing with a matter occurring after the policy was issued, the opinion recognizes a distinction as to alleged waivers relating to matters that occurred or existed previous to the issuing of the policy and those occurring after the policy was issued.

The distinction is not material where notice of the limitation on the agent's authority is contained in the application. But when the limitation appears for the first time in the policy, the insured has been without notice, either actual or constructive, of any limitation on the agent's authority as to matters which occurred previous to the issuance of the policy. To give a retroactive effect to a notice of limitation of authority which is contained only in the policy would be an unreasonable extension of the rule announced in the Roberts case. In the case of Sun Indemnity Company of New York v. Hulcer, 251 Ky. 484, 65 S.W.2d 471, 472, we refused to give retroactive effect to such a limitation appearing for the first time in the policy. There it was said:

"* * * the limitation so relied on is found only in the policy, and, if it could be said that plaintiff was bound thereby from the time she received the policy, even though the excerpt therefrom was not read by her and of which she possessed no actual knowledge, it would still be ineffectual for the purposes contended for, since plaintiff pos-

sessed no such information, either actual or constructive, at the time her application was taken by defendant's agent."

Appellant cites and relies upon many recent opinions of this Court, which it will not be necessary to enumerate in this opinion. With the exception of the case of Kentucky Central Life & Accident Insurance Company v. Lynn, 304 Ky. 416, 200 S.W.2d 946, all of the authorities support the conclusion which we have reached. In the Lynn case, the opinion does not affirmatively indicate whether or not a limitation of authority notice appeared in the application. If such a notice appeared, the opinion does not comment upon any distinction between a notice in the application and the policy. At any rate, we have concluded that the rule announced in the Hulcer case is sound, and to the extent that the Lynn case may be construed as departing from it, the latter is overruled.

The judgment is affirmed.