Helanda **RADFORD**, Appellant,

v.

**LINCOLN INCOME LIFE INSURANCE COMPANY and E. Morris Audas**, Appellees.

No. 86–CA–2946–S.

Court of Appeals of Kentucky.

Oct. 9, 1987.

Rehearing Denied Dec. 30, 1987.

Kenneth H. Kennedy, Cadiz, for appellant.

William G. Deatherage, Jr., Hopkinsville, for appellees.

Before HOWARD, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

The appellant, Helanda Radford, commenced this action in the Trigg Circuit Court to collect the proceeds of a $30,000 joint, decreasing-term life insurance policy issued by the appellee, Lincoln Income Life Insurance Company. The policy was issued in September, 1979, and covered the lives of Helanda and her husband, David Radford. The premiums of $21 were due by the fifth day of each month. The policy provided a grace period of 31 days after which, if the premium was not paid, the policy would "immediately terminate and have no value." The policy further specified certain conditions that had to be met

by the insured in order to secure reinstatement.[1] Finally, pertinent to this appeal, it provided that "[o]nly the President, Vice President, Actuary, Secretary or Assistant Secretary has power in behalf of the Company to alter this contract or to waive any of its provisions or requirements."

David Radford died from a gunshot wound on April 28, 1984. It is not disputed that at that time the premium due March 5, 1984, had not been paid and that the grace period had ended more than twenty days prior to his death. Based on these facts and the provisions of the policy cited, the trial court granted the insurance company's motion for summary judgment.

The appellant offered evidence which she argues shows that the appellee is not entitled to judgment as a matter of law. She testified that immediately after her husband's death she contacted their insurance agent and that he told her that if she gave him the $21 past-due premium there would be no problem in collecting the proceeds of the policy.[2] Six weeks later the agent notified her that her claim was denied, the policy having lapsed.

She contends the appellee is not entitled to claim the policy had lapsed for failure to pay the premium because of its agent's custom and habit of accepting premiums after the grace period. Lincoln Income Life insists that the appellant cannot rely on any apparent authority of the agent to reinstate the policy after the grace period because of the terms of the insurance contract which provided that only certain officers had the authority to waive any of the rights or requirements contained therein. It relies primarily on the case of *Employers Mutual Fire Ins. Co. v. Cunningham,* Ky., 253 S.W.2d 393, 394 (1952), which states as follows:

[T]he great weight of authority has always been that an insured who knows the limitations of the authority of an agent cannot rely on acts in excess of the

---

1. These included a "written request to the Company with evidence of insurability satisfactory to the Company ... payment of all past due premiums," and payment of any indebtedness and interest.

2. The agent testified she gave him only $20 which he applied to her children's life insurance policies. For purposes of summary judgment, of course, the court must accept her version of these events.

actual authority. The modern trend of decisions in this State began with *Connecticut Fire Insurance Company v. Roberts*, 226 Ky. 534, 11 S.W.2d 148, in which for the first time it was held that where limitations on the agent's authority are contained in the application or policy the insured is charged with notice thereof and cannot hold the company bound for acts of the agent beyond such limitation.

However, while the Radfords were charged with knowledge of the contents of their policy, the holding in the *Employers Mutual* case, *supra*, would not bar appellant's right to recover if the insurer was aware of the unauthorized acts of the agent and ratified those acts. *See* 43 Am. Jur.2d *Insurance*, § 127 (1982). Certainly the company could waive any of its rights provided by the contract, expressly or by implication. *See Kentucky Farm Bureau Mut. Ins. Co. v. Hardin*, Ky., 262 S.W.2d 831 (1953). We believe there to be sufficient evidence, or at least inferences therefrom, in the record that the company was aware of the agent's practice of reinstating this policy retroactively and thus, by implication, waived those conditions in the policy relating to reinstatement.

The agent, Morris Audas, an employee of Lincoln Income Life since 1968, testified to frequent problems in collecting the insurance premiums from David Radford. Concerning the March 5th delinquency he testified as follows:

A. Now, this particular time, I was there three (3) times that week [the week immediately prior to his death] and I told him that it [the policy] was going to lapse if he didn't pay it.

Q. 166 What do you remember telling him in particular?

A. Well, I just told him that the grace period is out and it is going to lapse.

Q. 167 It's going to lapse?

A. Yes and come out of my account.

Q. 168 So you did not tell him that it had lapsed? Correct?

A. No sir.

Audas further explained that the company had a policy of allowing its insured to pay the amount of past due premiums between the 31st and 60th day and be "automatically reinstated." There is no such provision for automatic reinstatement in the policy; however, it is clear from Audas's testimony that during the six years the policy was in force the Radfords frequently paid their premiums to him after the grace period and each time had the policy reinstated retroactively to the due date, thereby incurring no interruption in coverage. If, in fact, the company accepted the late premiums collected by Audas and provided continuous coverage to the Radfords without the compliance required by the insurance contract, such, we believe, would indicate ratification of or acquiescence in the agent's practice of reinstating the policy retroactively. Estoppel would then apply to deny coverage if the jury believes Helanda to have actually paid Audas the $21 premium.

Based on the record before us, and for our stated reasons, this case is not one that should be subject to summary judgment procedure. *See Paintsville Hosp. Co. v. Rose*, Ky., 683 S.W.2d 255 (1985). The judgment of the Trigg Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

Further, pursuant to 2(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

WILHOIT, J., concurs.

HOWARD, J., dissents.

HOWARD, Judge, dissenting.

I respectfully dissent. It is clear from the briefs and oral arguments that the appellant could not adduce any evidence that Lincoln Income Life Insurance Company did anything that would constitute a waiver of any policy provision. Nor could any evidence be presented that would constitute an estoppel.

The appellant may or may not have some cause of action against the agent for misrepresentation or some other cause of action, but, if so, this would not bind the company because of the policy provisions set out in the majority opinion. This provision specifically states that a company agent has no authority to waive or change any term of the policy. Under Kentucky law, where limitations on an insurance agent's authority are contained in the application or in the policy, the insured is charged with notice thereof and cannot hold a company bound by acts of its agents beyond such limitations. There are several cases cited by the appellee to support this statement, but I would suggest that the discussion in *Employers Mutual Fire Insurance Co. v. Cunningham*, Ky., 253 S.W.2d 393 (1952), accurately sets out the controlling rule and traced the history of same. It is to be observed that the cases cited by the appellant are old cases and do not conform to the modern holdings.

Here we have a claim for death benefits after a policy had expired by its own term for nonpayment of premium. It is undisputed that the Radfords' March 5 premium was not timely paid, and was not paid within the 31–day grace period. It is undisputed that this terminated the insurance policy according to its terms. It is undisputed that Morris Audas, the agent, had no authority to waive or alter any term of the policy and that the policy could not be reinstated retroactively after David Radford's death.

Under CR 56, a party is entitled to summary judgment if it is shown there is no genuine issue as to any material fact and, therefore, the party is entitled to a judgment as a matter of law. I can find no issue of genuine fact in this case and would, therefore, affirm the judgment of the trial court.